## IN RE JESSICA S.

The respondent mother's petition for certification for appeal from the Appellate Court, 51 Conn. App. 667 (AC 17980), is denied.

MCDONALD, J., with whom BERDON, J., joins dissenting. I would grant certification limited to the following issues: (1) Did the trial court correctly terminate the parental rights of the respondent mother who is mentally ill? (2) Did the department of children and families fail to provide mandated services of reunification to preserve the family unit?

" '[F]ew consequences of judicial action are so grave as the severance of natural family ties.' " *M.L.B.* v. *S.L.J.,* 519 U.S. 102, 119, 117 S. Ct. 555, 136 L. Ed. 2d 473 (1996). It is "plain beyond the need for multiple

citation that a natural parent's desire for and right to the companionship, care, custody, and management of his or her children is an interest far more precious than any property right. . . . When the State initiates a parental rights termination proceeding, it seeks not merely to infringe that fundamental liberty interest, but to end it. . . . If the State prevails, it will have worked a unique kind of deprivation. A parent's interest in the accuracy and justice of the decision to terminate his or her parental status is, therefore, a commanding one." (Citations omitted; internal quotation marks omitted.) *Santosky* v. *Kramer*, 455 U.S. 745, 759, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982); see also *Lassiter* v. *Dept. of Social Services*, 452 U.S. 18, 27, 101 S. Ct. 2153, 68 L. Ed. 2d 640 (1981).

In this case, David Mantell, a psychologist, testified as the court-appointed psychologist and recommended termination of parental rights. Mantell also has recommended termination in many other cases.[1] Recently the Appellate Court ruled that his testimony in one case should have been stricken because he simultaneously worked both as the court-appointed evaluator and as an evaluator for the state. *In re David W.*, 52 Conn. App. 576, 727 A.2d 264, cert. granted, 249 Conn. 908, 733 A.2d 225 (1999); see also *In re Eden F.*, 250 Conn. 674, 718 n.8, 741 A.2d 843 (1999) (*McDonald, J.*, dissenting). As reflected in the trial court's decision, Mantell played a large role in the termination of parental rights in this case. For this reason, I would grant certification.

---

[1] See, e.g., *In re Pascacio R.*, 52 Conn. App. 106, 726 A.2d 114 (1999) (Mantell recommending termination of psychologically impaired parent's rights); *In re Anna B.*, 50 Conn. App. 298, 717 A.2d 289 (1998) (same); *In re Eden F.*, 48 Conn. App. 290, 710 A.2d 771, cert. granted, 245 Conn. 917, 717 A.2d 234 (1998) (same); *In re Christina V.*, 38 Conn. App. 214, 660 A.2d 863 (1995) (same); *In re Michael M.*, 29 Conn. App. 112, 614 A.2d 832 (1992) (same); see also *In re Juvenile Appeal (Anonymous)*, 181 Conn. 638, 436 A.2d 290 (1980) (same).

Accordingly, I dissent.

*Nancy S.*, in support of the petition.

Decided July 21, 1999