### IN RE AMBER B.*
### (AC 19700)

O'Connell, C. J., and Foti and Mihalakos, Js.

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Argued December 7, 1999—officially released March 7, 2000

*Matthew E. Naclerio*, for the appellant (respondent father).

*Renee Bevacqua Bollier*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Susan T. Pearlman*, assistant attorney general, for the appellee (petitioner).

*Albert J. Oneto III*, for the minor child.

MIHALAKOS, J. The respondent father[1] appeals from the judgment of the trial court terminating his parental rights with respect to his daughter pursuant to General Statutes (Rev. to 1997) § 17a-112 (c) (3) (B).[2] The respondent claims that the court improperly (1) found that he failed to achieve sufficient personal rehabilitation, (2) found that the department of children and families (department) used reasonable efforts to reunite the child with him, (3) shifted the burden of proof to him as to whether reasonable efforts were made to reunify him with the child by allowing the petitioner, the commissioner of children and families (commissioner), to show that remedial services were provided to the family generally and not to the respondent individually, (4) considered matters relative to his alcoholism that occurred subsequent to the filing of the petition to terminate his parental rights as a basis for its findings in the adjudication phase of the proceedings, and (5) found that termination of his parental rights was in the best interests of the child. We affirm the judgment of the trial court.

The following facts are relevant to the resolution of this appeal. The child was born on August 16, 1995. On September 8, 1995, she was scalded in hot water and suffered second degree burns on 30 percent of her body.

---

[1] The respondent mother's parental rights also were terminated, but she did not appeal from the court's judgment. We refer to the respondent father as the respondent in this opinion.

[2] General Statutes (Rev. to 1997) § 17a-112 (c) provides in relevant part: "The Superior Court, upon hearing and notice . . . may grant a petition filed pursuant to this section if it finds by clear and convincing evidence . . . (3) that . . . (B) the parent of a child who has been found by the Superior Court to have been neglected or uncared for in a prior proceeding has failed to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable time, considering the age and needs of the child, such parent could assume a responsible position in the life of the child . . . ."

Her parents failed to seek immediate medical attention. The next day, she was placed in Yale-New Haven Hospital, and the department sought an order of temporary custody. On September 12, 1995, the court granted the order. The department offered the parents remedial services, including five classes at Southern Connecticut State University (university), beginning on January 20, 1996, to improve their parenting skills. On February 7, 1996, expectations were signed with the department wherein, inter alia, the parents were to complete parenting classes and cooperate with family counseling. They also were expected to maintain adequate housing and income, to provide safe conditions at home and, further, to refrain from substance abuse. The family also was offered services from Yale Intensive Home Based Child and Adolescent Psychiatric Services from February 22, 1996, to January, 1997. Other agencies and groups that worked with the family up to the time of the filing of the petition for termination of parental rights included the Boys Village Youth and Family Services, Inc. (Boys Village), the state departments of social services and mental retardation, Visiting Nurse Association, Yale Child Study Family Support Services, Easter Seals and Intensive Family Prevention Services.

On September 17, 1996, the respondent signed court expectations specifically addressed to him. The expectations required, inter alia, that the respondent participate in parenting counseling with emphasis on anger management and in alcohol counseling by obtaining an evaluation through Advanced Behavioral Health, and that he refrain from substance abuse. The department offered in-home services through Boys Village, which included parent education assessment, and mental health support and assistance with housing and medical issues. Furthermore, Michael Kaplan, a psychologist from Yale Child Study Center, performed an assessment to determine what the child's needs were and what

services she would require. His assessment revealed that the child was significantly delayed in most areas of developmental functioning.

Despite signing expectations on two separate occasions to participate in parental counseling, the respondent did not participate in such counseling. In February, 1998, the respondent had an alcohol relapse while undergoing treatment for alcohol abuse. Later, in the fall of 1998, the respondent had an alcohol-related incident, which prompted the child's mother to ask him to move out of the house.

Procedurally, the child was adjudicated neglected and committed to the custody of the department on May 15, 1996, for a period of twelve months. On January 12, 1998, the petition to terminate the parents' parental rights was filed. Petitions for extensions of commitment were granted on May 8, 1997, April 23, 1998, and January 15, 1999. The court granted the commissioner's termination petition, finding by clear and convincing evidence that the respondent had failed to achieve sufficient personal rehabilitation as required under § 17a-112 (c) (3) (B). Additional facts and procedural history will be discussed where relevant to issues in this appeal.

## I

The respondent claims first that the court improperly found that he failed to achieve sufficient personal rehabilitation as would encourage the belief that within a reasonable time he could assume a responsible position in the child's life. We disagree.

"A hearing on a petition to terminate parental rights consists of two phases, adjudication and disposition. . . . In the adjudicatory phase, the trial court determines whether one of the statutory grounds for termination of parental rights exists by clear and convincing evidence. If the trial court determines that a statutory

ground for termination exists, it proceeds to the dispositional phase. In the dispositional phase, the trial court determines whether termination is in the best interests of the child." (Internal quotation marks omitted.) *In re Galen F.*, 54 Conn. App. 590, 594, 737 A.2d 499 (1999).

"Personal rehabilitation as used in the statute refers to the restoration of a parent to his or her former constructive and useful role as a parent. . . . Our Supreme Court has held that General Statutes (Rev. to 1989) § 17-43a (b) (2) [the predecessor to § 17a-112] requires the trial court to analyze the respondent's rehabilitative status as it relates to the needs of the particular child, and further, that such rehabilitation must be foreseeable within a reasonable time. . . . A determination by the trial court under [§ 17a-112 (c) (3) (B)] that the evidence is clear and convincing that the parent has not rehabilitated [himself] will be disturbed only if that finding is not supported by the evidence and [is], in light of the evidence in the whole record, clearly erroneous. . . . *In re Christina V.*, 38 Conn. App. 214, 220–21, 660 A.2d 863 (1995)." (Internal quotation marks omitted.) *In re Marvin M.*, 48 Conn. App. 563, 578, 711 A.2d 756, cert. denied, 245 Conn. 916, 719 A.2d 900 (1998).

"Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . *United Components, Inc.* v. *Wdowiak*, 239 Conn. 259, 263, 684 A.2d 693 (1996)." (Internal quotation marks omitted.) *In re Jessica S.*, 51 Conn. App. 667, 674–75,

723 A.2d 356, cert. denied, 251 Conn. 901, 738 A.2d 1090 (1999).

Here, there was ample evidence to support the court's finding, by clear and convincing evidence, that the respondent failed to achieve sufficient personal rehabilitation. The court found that the respondent only attended one of the university's parenting classes and expressed to the department disdain for such classes, stating that he did not need such assistance. Furthermore, he failed to avail himself sufficiently of the services offered by Yale Intensive Home Based Child and Adolescent Psychiatric Services and the other service providers.

The court also found that the respondent had a significant alcohol problem that called into question his ability to be an appropriate parent for the child. Barbara P. Berkowitz, a psychologist and an expert in clinical psychology, was appointed as an evaluator by the court. She testified that in her opinion the respondent had not resolved his alcohol dependence, was not committed to after care for the child and had no understanding of her special needs.

The respondent claims that he substantially complied with the court-ordered expectations and that he successfully rehabilitated himself. The court, however, found that he failed to exercise any initiative, was late in addressing his alcohol problem and that the department made reasonable efforts to reunify him with the child. The court found that at the time of the termination petition the respondent had not risen to the level of being a useful parent nor would that status be achieved in a reasonable time. See *In re Migdalia M.*, 6 Conn. App. 194, 504 A.2d 533, cert. denied, 199 Conn. 809, 508 A.2d 770 (1986). We are not persuaded, therefore, that the court improperly found that the respondent failed

to achieve sufficient personal rehabilitation pursuant to § 17a-112 (c) (3) (B).

## II

The respondent claims next that the court improperly found that the department utilized reasonable efforts to reunite him with the child. He claims that the remedial services were provided primarily to the mother and not to him. We disagree.

"On appeal, our function is to determine whether the trial court's conclusion was legally correct and factually supported. . . . We do not examine the record to determine whether the trier of fact could have reached a conclusion other than the one reached . . . nor do we retry the case or pass upon the credibility of the witnesses. . . . Rather, on review by this court every reasonable presumption is made in favor of the trial court's ruling." (Internal quotation marks omitted.) *In re Marvin M.*, supra, 48 Conn. App. 577–78.

General Statutes (Rev. to 1997) § 17a-112 (e) requires, in relevant part, that the court consider and make written findings as to the timeliness, nature and extent of services available to facilitate a reunion of parent and child. In its memorandum of decision, the court found that appropriate and timely services were provided, including psychological counseling, transportation assistance, parenting and substance abuse counseling, and visitation coordination. The court found that the respondent attended only one of the parenting classes. Furthermore, the respondent was not the primary parent, and he had no intention, nor the ability, to be a full-time caretaker for the child. We therefore conclude that there was clear and convincing evidence that the department did everything it reasonably could to reunify the respondent with his child and that it was the respondent's conduct that led to the failure of those efforts.

## III

Next, the respondent claims that the court improperly shifted to him the burden of proof as to whether reasonable efforts were made to reunify him with the child by allowing the commissioner to show that remedial services were provided to the family generally and not to him individually. We disagree.

General Statutes (Rev. to 1997) § 17a-112 (c) provides in relevant part that "[t]he Superior Court . . . may grant a petition filed pursuant to this section if it finds by clear and convincing evidence (1) that the Department of Children and Families has made reasonable efforts to locate the parent and to reunify the child with the parent, unless the court finds in this proceeding that the parent is unable or unwilling to benefit from reunification efforts . . . ." "The word reasonable is the linchpin on which the department's efforts in a particular set of circumstances are to be adjudged, using the clear and convincing standard of proof." (Internal quotation marks omitted.) *In re Savanna M.*, 55 Conn. App. 807, 812, 740 A.2d 484 (1999). Furthermore, "reasonable efforts means doing everything reasonable, not everything possible . . . [but] such efforts should not make it impossible to attain reunification in a given case." *In re Eden F.*, 48 Conn. App. 290, 312, 710 A.2d 771 (1998), rev'd on other grounds, 250 Conn. 674, 741 A.2d 873 (1999).

In this case, the respondent denied being the child's primary caretaker and, further, that the remedial services were all available to him. The respondent's claim is without merit because he never was denied access to the services offered. In fact, over the course of three years, the respondent was offered at least one-half dozen services to facilitate reunification. He signed expectations on two separate occasions that he would participate in parental counseling but claimed that he

did not need such assistance. The department even adjusted its schedule to accommodate his visitation. We conclude that the burden of proof was not shifted to the respondent as to whether the department made reasonable efforts to reunify him with the child because the department made such reasonable efforts that were specifically directed to him on numerous occasions.

## IV

The respondent claims next that the court improperly considered, as a basis for its adjudicatory findings, matters relative to his alcoholism that occurred subsequent to the filing of the termination petition. We disagree.

"In the adjudicatory phase of termination proceedings, the court determines the validity of the grounds alleged in the petition, and therefore is limited to events preceding the filing date of the petition. In the disposition phase, the court is concerned with what action should be taken in the best interests of the child, and in that phase the court is entitled to consider facts occurring until the end of the trial." *In re Romance M.*, 30 Conn. App. 839, 859, 622 A.2d 1047 (1993), appeal dismissed, 229 Conn. 345, 641 A.2d 378 (1994).

It is axiomatic that the court can rely on factors occurring after the date of the filing of the petition to terminate parental rights when considering if additional time would promote rehabilitation. *In re Sarah M.*, 19 Conn. App. 371, 377, 562 A.2d 566 (1989). The respondent urges this court to rewrite the trial court's determination that postfiling facts were utilized for dispositional purposes only. The court indicated in its memorandum of decision that it considered certain postadjudicative facts for dispositional purposes only, and we are not disposed to disturb the court's determination. The court, therefore, properly considered for dispositional purposes facts that arose subsequent to the filing of the termination petition.

## V

The respondent's final claim is that the court's finding that termination of his parental rights was in the child's best interests was neither legally correct nor factually supported. We disagree.

The respondent argues that all of the evidence presented indicates that termination of his parental rights is not in the child's best interest. He claims that appropriate and timely services never were offered, that the department failed to use reasonable efforts to reunify him with the child, that he complied with court-ordered expectations and that he was prevented by the mother from having a meaningful relationship with the child. This last claim is a repository of all the claims we previously addressed. This claim, therefore, must fail.

The judgment is affirmed.

In this opinion the other judges concurred.