DIAMOND 67, LLC *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF VERNON
(AC 29743)

Bishop, Gruendel and Harper, Js.

Argued April 21—officially released September 15, 2009

*Derek V. Oatis,* for the appellant (proposed intervenor).

*Harold R. Cummings,* with whom, on the brief, was *Doreen Amata,* for the appellee (defendant).

*Robert A. Fuller,* with whom was *Stanley Falkenstein,* for the appellee (plaintiff).

*Charles D. Ray,* with whom, on the brief, were *John R. Mallin* and *Jessica A. Villardi,* for the appellee (intervening plaintiff Home Depot U.S.A., Inc.).

*Opinion*

HARPER, J. This appeal arises out of a judgment rendered in accordance with a stipulation of the parties in which the plaintiff, Diamond 67, LLC (Diamond); the intervening plaintiff, Home Depot U.S.A., Inc. (plaintiffs unless otherwise stated); and the defendant, the planning and zoning commission of the town of Vernon, purported to settle this mandamus action pertaining to Diamond's site plan application. The proposed intervenor, Glenn Montigny, claims that the trial court improperly (1) denied his renewed motion to intervene and (2) rendered judgment in accordance with the stipulated agreement between the plaintiffs and the defendant. We reverse the judgment of the trial court.

The following relevant facts and procedural history are not in dispute. In 2003, in connection with its proposed development of the subject property known as 117 Reservoir Road in Vernon, Diamond applied to the Vernon inland wetlands commission (wetlands commission) for a wetlands permit and to the defendant for site plan approval and related permits.[1] Thereafter, the wetlands commission denied Diamond's application, and Diamond appealed to the Superior Court. On May 10, 2007, after several proceedings before the Superior Court and the wetlands commission, the court, *Hon. Lawrence C. Klaczak*, judge trial referee, sustained the appeal and remanded the application to the wetlands commission for the purpose of attaching conditions to the issuance of a wetlands permit. The wetlands commission subsequently issued a permit to Diamond.

In 2003, while resolution of Diamond's wetlands permit application was pending, the defendant tabled Diamond's site plan and related permit application. After the wetlands application was substantially resolved by the judgment of the Superior Court in May, 2007, Diamond filed a new and similar application with the defendant for approval of a site plan and related permits. In June, 2007, however, Diamond made a written demand to the defendant to approve its 2003 application, alleging that the defendant had failed to act within the time limits in General Statutes § 8-3 (g) and General Statutes (Rev. to 2003) § 8-7d.[2] In July, 2007, after the defendant

---

[1] Diamond originally applied for site plan approval and permits. Home Depot U.S.A., Inc., subsequently intervened in the administrative appeals that resulted from the denial of those applications and in this mandamus action.

[2] General Statutes § 8-3 (g) provides in relevant part: "Approval of a site plan shall be presumed unless a decision to deny or modify it is rendered within the period specified in section 8-7d. . . ."

General Statutes (Rev. to 2003) § 8-7d (a) provides in relevant part: "[I]n all matters wherein a formal petition, application, request or appeal must be submitted to a . . . planning and zoning commission . . . and a hearing is required on such petition, application, request or appeal, such hearing shall commence within sixty-five days after receipt of such petition, application,

failed to respond to Diamond's demand letter, Diamond filed this action, seeking a writ of mandamus directing the defendant to issue a certificate of approval of the 2003 application. Thereafter, the defendant denied Diamond's 2003 application, a decision from which Diamond filed an administrative appeal, separate from its mandamus action.

While the mandamus action and the administrative appeal were pending, Montigny filed a motion, pursuant to General Statutes § 22a-19 (a), to intervene in both actions. Section 22a-19 (a) grants standing as a matter of right in any administrative, licensing or "other proceeding" to anyone asserting that the proceeding involves conduct which has, or is reasonably likely to have, the effect of unreasonably polluting the environment. On October 17, 2007, the court, *Sferrazza, J.*, granted Montigny's motion to intervene in the administrative appeal and denied his motion to intervene in the mandamus action. The court's rationale was that the administrative appeal clearly fell within the ambit of § 22a-19 (a) but that Montigny did not have the right to intervene in the mandamus action because the complaint was based on the automatic approval doctrine; see *109 North, LLC* v. *Planning Commission*, 111 Conn. App. 219, 959 A.2d 615 (2008) (subdivision application approved by operation of law automatically under General Statutes § 8-26); and, therefore, the environmental impact of the site plan was immaterial.

request or appeal and shall be completed within thirty-five days after such hearing commences. All decisions on such matters shall be rendered within sixty-five days after completion of such hearing. . . ."

General Statutes § 8-7d (e) provides in relevant part: "Notwithstanding the provisions of this section, if an application involves an activity regulated pursuant to sections 22a-36 to 22a-45, inclusive [of the Inland Wetlands and Watercourses Act], and the time for a decision by a zoning commission or planning and zoning commission established pursuant to this section would elapse prior to the thirty-fifth day after a decision by the inland wetlands agency, the time period for a decision shall be extended to thirty-five days after the decision of such agency. . . ."

After the court denied Montigny's motion to intervene in the mandamus action, the plaintiffs and the defendant engaged in mediation and settlement discussions in the mandamus action, in which Montigny was precluded from participating. The settlement discussions led to a possible agreement on a new site plan, which differed from the 2003 application at issue in both appeals. The defendant held an informal public forum to discuss the new plan but acknowledged that the forum "was not a public hearing as that term is legally defined . . . ." Thereafter, the defendant voted to approve the settlement, and Diamond moved for the court to render judgment in accordance with it.[3] On February 13, 2008, before any action was taken on the motion for judgment in accordance with the settlement agreement, Montigny filed a renewed motion to intervene. He argued that unlike the issues in a mandamus action, review of the settlement between the plaintiffs and the defendant required the court to consider the environmental impact of the new plan, and, therefore, pursuant to § 22a-19 (a), he had a right to intervene.

On February 14, 2008, a hearing took place on the motion for judgment in accordance with the settlement agreement. The court, *Sferrazza, J.*, began the hearing by denying Montigny's renewed motion to intervene but permitted Montigny's counsel to participate in the hearing on a limited basis. Consistent with the request by the plaintiffs and the defendant, the court treated the motion as one for judgment in accordance with their settlement. See *footnote 3. The court did not conduct a*

---

[3] Diamond filed a motion entitled "Motion for Approval of Settlement Agreement." At the hearing on the motion, the defendant and Home Depot U.S.A., Inc., joined in that motion. Counsel for the defendant also stated to the court that the motion was not in substance a motion for approval of a settlement under General Statutes § 8-8 (n), which is required in the context of a settlement of an administrative appeal, and that the correct title for the motion should have been "Motion for Judgment in Accordance with the Stipulation."

hearing compliant with General Statutes (Rev. to 2003) § 8-8 (n), which requires a more scrupulous review of settlements in administrative appeals.[4] See generally *Willimantic Car Wash, Inc.* v. *Zoning Board of Appeals*, 247 Conn. 732, 724 A.2d 1108 (1999).

At the hearing, Montigny's counsel articulated his argument on the motion to intervene, but he was not permitted to address the environmental impact of the proposed settlement. Counsel for the defendant and the plaintiffs provided a brief description of the agreed on modifications to the 2003 application, but the court did not inquire about the merits of the mandamus action or the environmental implications of the settlement. The court rendered judgment in accordance with the terms of the settlement after confirming that the representatives of the plaintiffs and the defendant understood it. This appeal followed.

Montigny claims that the court improperly denied his renewed motion to intervene in the mandamus action. Before we address Montigny's claim, we must address the plaintiffs' claim that we should dismiss this appeal because the case has already gone to final judgment, and, therefore, the appeal is moot. "Mootness implicates [this] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction . . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition

---

[4] General Statutes (Rev. to 2003) § 8-8 (n) provides: "No appeal taken under subsection (b) of this section [by any person aggrieved by any decision of a board, including a decision to approve or deny a site plan] shall be withdrawn and no settlement between the parties to any such appeal shall be effective unless and until a hearing has been held before the Superior Court and such court has approved such proposed withdrawal or settlement."

of the merits, a case has become moot. . . . Most post-judgment appeals filed by would-be interveners will be moot because the relief sought, i.e., intervention into the underlying action, cannot be granted once the action has gone to judgment." (Citation omitted; internal quotation marks omitted.) *AvalonBay Communities, Inc.* v. *Zoning Commission*, 87 Conn. App. 537, 542, 867 A.2d 37 (2005), aff'd, 280 Conn. 405, 908 A.2d 1033 (2006).

In the present case, although a final judgment already has been rendered, the case is not moot because this court can provide practical relief to Montigny. "The court . . . has continuing jurisdiction to determine any claim of a vested right acquired during the pendency of an action and prior to its withdrawal, but . . . it must first reinstate it on the docket before granting the relief sought. . . . There is no reason why the trial court does not have jurisdiction to restore a case that has been voluntarily withdrawn to the active docket, just as it can open a judgment or restore to the docket a case that has been erased. (Citation omitted; internal quotation marks omitted.) *Matey* v. *Waterbury*, 24 Conn. App. 93, 97, 585 A.2d 1260, cert. denied, 218 Conn. 908, 588 A.2d 1382 (1991). Montigny claims that he had a vested right to intervene in the action. He argues that, if he had been permitted to intervene, the parties would not have been allowed to settle without his agreement and that the improper denial of his right prevented him from objecting to the settlement. We conclude that Montigny's claim is not moot, and, therefore, we address its merits. See id., 97–98.

Montigny claims that the court improperly denied his renewed motion to intervene because, pursuant to § 22a-19 (a), he had the right to intervene in the review of the settlement between the plaintiffs and the defendant.[5] When an appeal is filed following the denial of

[5] The denial of a motion to intervene is a final judgment for purposes of appealability if the would-be intervenor has a colorable claim of a right to

a motion to intervene as of right, we review de novo the trial court's determination as to the nature and extent of the interests at issue in the motion. *Kerrigan* v. *Commissioner of Public Health*, 279 Conn. 447, 454, 904 A.2d 137 (2006).

Section 22a-19 (a) provides in relevant part: "In any administrative, licensing or other proceeding, and in any judicial review thereof . . . any person . . . or other legal entity may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state." Section 22a-19 (a) is in derogation of the common-law right to intervention. *Fort Trumbull Conservancy, LLC* v. *Planning & Zoning Commission*, 266 Conn. 338, 361, 832 A.2d 611 (2003). "[S]tatutes in derogation of common law should receive a strict construction and [should not] be extended, modified, repealed or enlarged in [their] scope by the mechanics of construction." (Internal quotation marks omitted.) Id. Environmental statutes, such as § 22a-19 (a), however, "are considered remedial in nature and are to be construed liberally to accomplish their purpose." *Keeney* v. *Fairfield Resources, Inc.*, 41 Conn. App. 120, 132–33, 674 A.2d 1349 (1996). Bearing in mind these contradictory principles of statutory construction, we must apply § 22a-19 (a) so as to serve its legislative purpose and avoid " 'absurd consequences and bizarre results.' " Id., 132.

The plaintiffs and the defendant argue that the court correctly denied Montigny's renewed motion to intervene because § 22a-19 (a) does not permit intervention

intervene. *Matey* v. *Waterbury*, supra, 24 Conn. App. 94 n.1. Such a colorable claim has been made pursuant to § 22a-19 (a).

in a mandamus action. The plaintiffs' and the defendant's argument is twofold: (1) § 22a-19 (a) permits intervention only in administrative proceedings and judicial review thereof, and, therefore, it does not permit intervention in a mandamus action, which is a civil action brought originally in the Superior Court; and (2) § 22a-19 (a) does not permit intervention in the context of a mandamus action that is based on the alleged failure of a planning and zoning commission to comply with §§ 8-3 (g) and 8-7d because environmental considerations are immaterial to resolution of the action. We will address these arguments separately.

The plaintiffs and the defendant are incorrect that § 22a-19 (a) applies only to administrative proceedings. Section 22a-19 (a) provides in relevant part that anyone asserting environmental issues may intervene in any "administrative, licensing *or other proceeding*, and in any judicial review thereof . . . ." (Emphasis added.) The plaintiffs and the defendant quote *Polymer Resources, Ltd.* v. *Keeney*, 32 Conn. App. 340, 348, 629 A.2d 447 (1993), in support of their argument that "[s]ection 22a-19 (a) does not provide . . . the right to intervene in [a] civil action." Notwithstanding the unambiguous language of *Polymer Resources, Ltd.*, this court later determined in *Zoning Commission* v. *Fairfield Resources Management, Inc.*, 41 Conn. App. 89, 99–105, 674 A.2d 1335 (1996), that its opinion in *Polymer Resources, Ltd.*, was not legally viable because there was no actual controversy in the case when the opinion was rendered.[6] In *Zoning Commission* v. *Fairfield*

---

[6] At the time that this court officially released its decision in *Polymer Resources, Ltd.* v. *Keeney*, supra, 32 Conn. App. 340, our Supreme Court already had dismissed the case for lack of subject matter jurisdiction because the plaintiff had failed to exhaust its administrative remedies before seeking injunctive relief in the Superior Court. For a further discussion of the procedural history of *Polymer Resources, Ltd.*, which led to the publication of an Appellate Court opinion in the absence of a live controversy, see generally *Zoning Commission* v. *Fairfield Resources Management, Inc.*, supra, 41 Conn. App. 89.

*Resources Management, Inc.*, supra, 115, this court also held that § 22a-19 (a) permitted intervention in a civil action for injunctive relief because the action fell within the ambit of the " 'other proceeding' " language of the statute. Therefore, § 22a-19 (a) applies to civil actions brought originally in the Superior Court. It is not limited to situations in which there is an administrative record. *Keeney* v. *Fairfield Resources, Inc.*, supra, 41 Conn. App. 137.

We next consider whether Montigny was entitled to intervene in the court's review of the settlement at issue in the present case, which the plaintiffs and the defendant claim to have reached to settle the plaintiffs' mandamus action. "An action for a writ of mandamus . . . is available only in limited circumstances to achieve limited purposes. It lies to compel a public official to perform his duty. . . . The duty it compels must be a ministerial one; the writ will not lie to compel the performance of a duty which is discretionary. . . . It is available only to one who has a clear legal right to the performance sought." (Citations omitted; internal quotation marks omitted.) *Beccia* v. *Waterbury*, 185 Conn. 445, 453–54, 441 A.2d 131 (1981). In general, there is no right to intervene in a mandamus action because the only necessary party is the person or entity whose duty it is to perform the act sought. See *Jones* v. *Ricker*, 172 Conn. 572, 575–76, 375 A.2d 1034 (1977).

This court has held, however, that intervention as of right is not necessarily improper in a mandamus action. See *State Board of Education* v. *Waterbury*, 21 Conn. App. 67, 71, 571 A.2d 148 (1990).[7] In *State Board of*

---

[7] In *State Board of Education* v. *Waterbury*, supra, 21 Conn. App. 67, this court held that a parent-teachers organization had a right to intervene in a mandamus action originally brought by the state board of education and the commissioner of education against the city of Waterbury, the mayor, the board of aldermen and the board of education. The plaintiffs brought the action to compel the defendants to implement the city's plan to desegregate the Waterbury school system.

*Education,* this court held that it was improper to deny the motion to intervene of a party that had a right to intervene pursuant to General Statutes § 52-107, which provides in relevant part: "If a person not a party has an interest or title which the judgment will affect, the court, on his application, shall direct him to be made a party." (Internal quotation marks omitted.) *State Board of Education* v. *Waterbury,* supra, 70 n.4.

Although *State Board of Education* establishes that it may be proper to grant a motion for intervention as of right in a mandamus action, that case is distinguishable from the present case. Here, Montigny did not claim to have an interest or title that the judgment would affect. He claimed to have a right to intervene pursuant to § 22a-19 (a), which permits intervention only for the purpose of raising environmental issues. *Connecticut Fund for the Environment, Inc.* v. *Stamford,* 192 Conn. 247, 248 n.2, 470 A.2d 1214 (1984). The only issue in the plaintiffs' mandamus action was whether the defendant acted on Diamond's site plan application within the time constraints of §§ 8-3 (g) and 8-7d. If the plaintiffs established that the defendant had not acted within those time constraints, the court would have no discretion to order anything other than a writ directing the defendant to grant Diamond's application. See General Statutes § 8-3 (g). The court had no discretion to consider environmental issues in the plaintiffs' mandamus action, and, therefore, § 22a-19 (a) did not provide Montigny with the right to intervene in it.

Our inquiry would end here if it were clear that the mandamus action was the focus of the settlement between the plaintiffs and the defendant. The specific circumstances of this case, however, require us to examine further the context of the settlement. In the present situation, the relief sought by the plaintiffs in their mandamus action and in their administrative

appeal was the approval of their 2003 site plan application. Notwithstanding the duality of the relief sought, the merits of the two actions bore no relation to each other. The merits of the mandamus action depended entirely on the timeliness of the actions of the defendant. By contrast, the merits of the administrative appeal depended on the sufficiency of the evidence in the administrative record to support the defendant's decision to deny Diamond's site plan application. See generally *Longley* v. *State Employees Retirement Commission*, 284 Conn. 149, 163–67, 931 A.2d 890 (2007). The plaintiffs and the defendant do not dispute that Montigny had the right to intervene in the administrative appeal for the purpose of raising environmental issues. We conclude that the substance of the settlement between the plaintiffs and the defendant focused on the issues of the administrative appeal and not solely on the issues of the mandamus action. For this reason, we conclude that the court improperly denied Montigny's renewed motion to intervene in the mandamus action.

At the settlement hearing, although counsel for the defendant maintained that the administrative appeal was not the subject of the settlement, he also stated that the administrative appeal would likely be withdrawn as moot because the settlement "addresse[d] the issues in th[e] administrative appeal." Also at the settlement hearing, counsel for the plaintiffs stated that before the defendant voted to approve the settlement, a public forum was held to discuss the differences between the newly proposed site plan and the original site plan. A review of the transcript of the settlement hearing illustrates that those differences have environmental implications, which were at issue in the administrative appeal and irrelevant in the mandamus action. Appellate courts of our jurisdiction have long eschewed the practice of elevating form over substance. *Gambardella*

v. *Apple Health Care, Inc.*, 291 Conn. 620, 637, 969 A.2d 736 (2009). In substance, the settlement between the plaintiffs and the defendant resolved the administrative appeal. This being true, the court improperly denied Montigny's renewed motion to intervene and failed to conduct a hearing compliant with § 8-8 (n). See *Willimantic Car Wash, Inc.* v. *Zoning Board of Appeals*, supra, 247 Conn. 744; *Dietzel* v. *Planning Commission*, 60 Conn. App. 153, 164, 758 A.2d 906 (2000).

Accordingly, we reverse the judgment denying Montigny's motion to intervene and remand the case to the Superior Court with direction to open the judgment that was rendered in accordance with the settlement and to grant Montigny's motion to intervene. On remand, before rendering judgment in accordance with a settlement between the plaintiffs and the defendant, the court must conduct a hearing compliant with § 8-8 (n) to review the settlement, in which Montigny is entitled to participate for the purpose of raising environmental issues.[8] Our holding today should not be construed so broadly as to preclude settlements in mandamus actions. Our holding is limited to the circumstances presently before us, in which the purported settlement of the mandamus action was reached through concessions that addressed the substance of the administrative appeal, which were irrelevant in the mandamus action, and in which the parties could not have settled the administrative appeal without the participation of Montigny.

The judgment is reversed and the case is remanded with direction to grant Montigny's motion to intervene and for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

---

[8] Our decision does not preclude the plaintiffs from continuing to seek a writ of mandamus in the Superior Court.