******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

HUNTER RIDGE, LLC *v.* PLANNING
AND ZONING COMMISSION OF
THE TOWN OF NEWTOWN
(SC 19255)
(SC 19256)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald, Espinosa and
Robinson, Js.

*Argued May 21—officially released September 1, 2015*

*Robert H. Hall*, for the appellant (plaintiff).

*Erick M. Sandler*, with whom were *Joseph L. Hammer* and, on the brief, *John W. Cerreta*, for the appellee (intervenor Spencer Taylor).

*Robert A. Fuller*, for the appellee (defendant).

*Opinion*

McDONALD, J. The Environmental Protection Act of 1971 (act)[1] expresses a state policy favoring the protection and preservation of the state's natural resources; General Statutes § 22a-15; and grants all persons access to the courts to protect these resources from unreasonable pollution. General Statutes § 22a-16. A person may seek to protect the public trust in the state's natural resources either by bringing an independent action for declaratory and equitable relief pursuant to § 22a-16, or by intervening in an existing "administrative, licensing or other proceeding" that may impact natural resources. General Statutes § 22a-19 (a) (1).[2] The principal issue presented in these appeals concerns a section of the act that allows a court to enter equitable relief, such as an injunction, when and to the extent necessary to prevent unreasonable pollution. General Statutes § 22a-18 (a). We are asked whether the grant of equitable power to the courts in § 22a-18 (a) applies to administrative and other proceedings in which an intervenor has raised environmental concerns pursuant to § 22a-19. We conclude that it does not.

I

The plaintiff, Hunter Ridge, LLC (Hunter Ridge), applied for a subdivision permit from the defendant, the Planning and Zoning Commission (commission) of the Town of Newtown (town), seeking to develop a parcel of land that borders Taunton Lake (lake). The commission denied the application on the ground that Hunter Ridge's subdivision plan did not meet the open space requirements in the town's subdivision regulations. Hunter Ridge appealed from the commission's denial to the trial court, claiming that the commission improperly applied the open space requirements, that the requirements were unenforceable, and that the town's demand for open space amounted to a taking without compensation.

After Hunter Ridge filed its administrative appeal, Spencer Taylor (intervenor) intervened in the appeal to the trial court pursuant to § 22a-19 (a), raising concerns related to the environmental impact of the proposed subdivision. In support of his environmental claims, the intervenor sought permission to present to the trial court additional evidence that was not included in the administrative record. The trial court received the evidence, decided that the intervenor had made out a prima facie case on his environmental claims, and then remanded the matter back to the commission for further fact-finding relative to the intervenor's claims. After holding hearings, the commission responded to the trial court's request for fact-finding, concluding that, subject to certain conditions, Hunter Ridge's proposed subdivision plan would not "unreasonably pollute, impair or destroy the natural resources on the property."

Returning to the trial court, the intervenor disputed the validity of the commission's findings, and the trial court ultimately issued a memorandum of decision in which the court set aside the commission's findings and adjudicated the factual issues itself. In its memorandum, the court found that the proposed subdivision would have an unreasonable impact on the natural resources of the property and the greater ecosystem surrounding the lake, and it enjoined Hunter Ridge from developing a portion of its property without prior approval from the court or without meeting certain conditions contained in the court's order. The trial court later rendered judgment in favor of the intervenor and subsequently awarded him costs pertaining to his expert witness fees, from which the plaintiff filed separate appeals. The trial court's memorandum of decision and judgment did not address Hunter Ridge's underlying claims regarding the town's open space requirements, and we deem those claims to have been implicitly rejected by the trial court's decision forbidding Hunter Ridge's proposed development from going forward because of its potential environmental impact.

Hunter Ridge appealed from the trial court's decisions to the Appellate Court, and we transferred the appeals to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1. On appeal, Hunter Ridge claims, among other things, that (1) the act does not give the trial court authority to enter an injunction in the context of a zoning appeal; (2) the court improperly substituted its judgment on issues of fact for that of the commission; and (3) the trial court's award of costs was improper. We address each claim in turn.

II

The primary issue in these appeals involves whether the act empowers a trial court to enter an injunction in an administrative appeal of a zoning decision brought pursuant to General Statutes § 8-8, a power that the trial court otherwise would not have available to it. See General Statutes § 8-8 (*l*). We conclude that § 22a-18 (a) does not give a trial court independent authority to enter an injunction in an administrative appeal involving an intervention under § 22a-19. As we explain subsequently in further detail, an intervenor under § 22a-19 must take the proceeding as he finds it at the time of his intervention. The act does not permit the intervenor to expand the remedies allowed in the underlying proceeding; it allows the intervenor to raise only those claims for relief otherwise permitted in the existing proceeding. A court hearing a proceeding in which someone intervenes may, therefore, issue an injunction only if the underlying proceeding would permit the use of equitable remedies by the court. If not, a person who desires an injunction to prevent conduct that would violate the act must seek such relief through an independent action brought under § 22a-16.

Before turning to our analysis, we first note that this issue presents a question of statutory interpretation, a question of law over which our review is plenary. Our standard of review and the principles that guide our interpretation are set forth in detail in *Tine* v. *Zoning Board of Appeals*, 308 Conn. 300, 305–306, 63 A.3d 910 (2013).

A

We begin with an overview of the act. Section 22a-15 declares "that there is a public trust in the air, water and other natural resources of the state of Connecticut and that each person is entitled to the protection, preservation and enhancement of the same." It further declares that "it is in the public interest to provide all persons with an adequate remedy to protect the air, water and other natural resources from unreasonable pollution, impairment or destruction." General Statutes § 22a-15. To fulfill this purpose, the act provides any person seeking to prevent unreasonable pollution two separate avenues for bringing their concerns before a court: (1) an independent cause of action under § 22a-16; or (2) intervention in an existing administrative, licensing, or other proceeding pursuant to § 22a-19.

Section 22a-16 gives standing to any person or legal entity to bring an action for declaratory and equitable relief as necessary to protect the public trust in the state's natural resources from unreasonable harm, and § 22a-18 outlines the powers of the court in such independent actions. The court is given the power to "grant temporary and permanent equitable relief [or to] impose such conditions on the defendant as are required to protect the public trust in the air, water and other natural resources of the state from unreasonable pollution, impairment or destruction." General Statutes § 22a-18 (a). The court may remand a case for "administrative, licensing or other such proceedings [if they] are required or available to determine the legality of the defendant's conduct . . . ." General Statutes § 22a-18 (b). If the court elects to send the matter to an agency for further proceedings, the act allows the court to retain jurisdiction over the matter while the administrative proceedings are pending; General Statutes § 22a-18 (d); and, if the court finds that the agency's consideration of the matter "has not been adequate," the court may itself "adjudicate the impact of the defendant's conduct on the public trust in the air, water or other natural resources . . . ." General Statutes § 22a-18 (c). In addition, the court may award costs and attorney's fees to anyone who "maintains an action under [§] 22a-16 or intervenes . . . under [§] 22a-19, and obtains declaratory or equitable relief against the defendant . . . ." General Statutes § 22a-18 (e).

Section 22a-19 (a) (1) allows a person to intervene in an existing proceeding relating to conduct that may

impact the natural resources of the state. That section provides in relevant part: "In any administrative, licensing or other proceeding," any person or legal entity "may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state." General Statutes § 22a-19 (a) (1). Section 22a-19 (b) also directs agencies to consider the allegations of likely harm to the environment and that no conduct shall be approved if there exists a "feasible and prudent alternative" to the harmful conduct.

B

The issue presented to us asks whether § 22a-18 (a) allows a trial court to enter an injunction in a zoning appeal brought pursuant to § 8-8 in which an individual has intervened pursuant to § 22a-19. Ordinarily, a trial court hearing a zoning appeal does not have the authority to enter equitable relief. A trial court hearing an appeal from a zoning or administrative agency decision "is not sitting as a court of equity, but rather, is extremely limited in its powers." *Johnston* v. *Salinas*, 56 Conn. App. 772, 776, 746 A.2d 202 (2000), overruled in part on other grounds by *Lisee* v. *Commission on Human Rights & Opportunities*, 258 Conn. 529, 542 n.16, 782 A.2d 670 (2001); see also *Burnham* v. *Administrator, Unemployment Compensation Act*, 184 Conn. 317, 321, 439 A.2d 1008 (1981) (trial court hearing administrative appeal "does not retry the facts or hear evidence but rather sits as an appellate court to review only the record certified and filed by the board of review"). In a zoning appeal, the trial court may only "reverse or affirm, wholly or partly, or may modify or revise the decision appealed from." General Statutes § 8-8 (*l*). It has no authority to enter injunctive relief. See *Fisher* v. *Board of Zoning Appeals*, 142 Conn. 275, 278, 113 A.2d 587 (1955). Consequently, the trial court hearing a zoning appeal may not enter an injunction when a party intervenes under § 22a-19 unless some provision of the act gives the court this power.

The intervenor claims that this grant of power is found in § 22a-18 (a), which authorizes a court to enter temporary and permanent equitable relief as necessary to protect natural resources from unreasonable destruction. In response, Hunter Ridge contends that the grant of power in § 22a-18 (a) applies only to independent actions for declaratory and equitable relief brought under § 22a-16, and not to interventions in "administrative, licensing or other proceedings" under § 22a-19 (a) (1). In support, Hunter Ridge relies on the limited role served by trial courts hearing administrative and zoning appeals. Hunter Ridge explains that reading § 22a-18 (a) to allow the trial court to also issue injunctions

would be a radical departure from the character of the limited judicial review of zoning decisions contemplated by the legislature. Instead, Hunter Ridge argues, § 22a-18 (a) applies only to independent actions brought under § 22a-16 and the act otherwise leaves the remedies available to interventions under § 22a-19 to those available in the underlying proceeding. We agree with Hunter Ridge.

The text of the act is ambiguous as to whether the grant of equitable power in § 22a-18 (a) applies in actions in which a party has intervened pursuant to § 22a-19. The text of §§ 22a-18 (a) and 22a-19 are silent on this issue. Section 22a-18 (a) provides: "The court may grant temporary and permanent equitable relief, or may impose such conditions on the defendant as are required to protect the public trust in the air, water and other natural resources of the state from unreasonable pollution, impairment or destruction." Its text does not explain whether it applies to independent actions brought under § 22a-16, actions with interventions under § 22a-19, or both. Section 22a-19 (a) (1), previously set forth in relevant part, is also silent on this point.

Because the text of these two provisions does not answer the question before us, we turn to other, related provisions. Although much of § 22a-18 is silent as to whether its provisions apply to intervention proceedings, one of its subsections is expressly made applicable to interventions under § 22a-19. Section 22a-18 (e) provides in relevant part that "[t]he court may award any person . . . or other legal entity which maintains an action under section 22a-16 *or intervenes as a party in an action for judicial review under section 22a-19, and obtains declaratory or equitable relief against the defendant*, its costs, including reasonable costs for witnesses, and a reasonable attorney's fee." (Emphasis added.) By permitting the recovery of costs and attorney's fees when a party obtains declaratory and equitable relief against a defendant in an intervention under § 22a-19, the act clearly contemplates that equitable relief may be available in certain interventions.

The question remaining is whether this reference to equitable relief shows that the legislature intended § 22a-18 (a) to apply to *all* interventions, or whether it was merely a recognition that equitable relief is available in *some*, but not *all*, of the types of proceedings covered by § 22a-19 (a) (1). For example, although zoning appeals do not allow courts to award injunctive relief, some of the other types of proceedings covered by § 22a-19 (a) (1) do allow such equitable remedies. Our courts have concluded that § 22a-19 allows parties to intervene in enforcement proceedings brought by town zoning officers; *Diamond 67, LLC* v. *Planning & Zoning Commission*, 117 Conn. App. 72, 82, 978 A.2d 122 (2009); *Zoning Commission* v. *Fairfield Resources*

*Management, Inc.*, 41 Conn. App. 89, 116, 674 A.2d 1335 (1996); or by the Commissioner of Energy and Environmental Protection; *Keeney* v. *Fairfield Resources, Inc.*, 41 Conn. App. 120, 121, 137–38, 674 A.2d 1349 (1996). Each of these proceedings independently allows the court hearing the claims to enter equitable relief, including injunctions. See, e.g., *Keeney* v. *Fairfield Resources, Inc.*, supra, 121; *Zoning Commission* v. *Fairfield Resources Management, Inc.*, supra, 93. Thus, the equitable powers mentioned in § 22a-18 (e) could either be a recognition that § 22a-18 (a) applies to all interventions under § 22a-19, as the intervenor suggests, or it could merely be a recognition that some types of proceedings covered by § 22a-19 allow for equitable relief. Because the text of the act does not resolve which of these two possibilities prevails, we conclude that the statute is ambiguous. The parties have not identified and we are not aware of any extratextual sources bearing on the question before us.

For guidance, we turn to our prior case law regarding the scope of an intervention under § 22a-19. These cases lead us to conclude that the act does not expand the powers of a court hearing a proceeding in which someone has intervened under § 22a-19.

Our prior cases interpreting § 22a-19 demonstrate that interventions in agency proceedings are limited in scope and that the act was not intended to expand an agency's authority. For instance, in *Connecticut Fund for the Environment, Inc.* v. *Stamford*, 192 Conn. 247, 250, 470 A.2d 1214 (1984), we concluded that § 22a-19 does not expand the jurisdictional authority of an administrative body when an intervenor raises environmental issues outside the scope of the agency's statutory jurisdiction. Instead, we decided that the agency is limited to considering only those matters that otherwise fall within its statutory authority. Id. We explained that the powers of an agency in an action in which an intervenor has raised environmental issues under § 22a-19 "must be read in connection with the legislation which defines the authority of the particular administrative agency. Section 22a-19 is not intended to expand the jurisdictional authority of an administrative body whenever an intervenor raises environmental issues. Thus, an inland wetland agency is limited to considering only environmental matters which impact on inland wetlands." Id.

In *Middletown* v. *Hartford Electric Light Co.*, 192 Conn. 591, 597, 473 A.2d 787 (1984), overruled in part on other grounds by *Waterbury* v. *Washington*, 260 Conn. 506, 545, 800 A.2d 1102 (2002), we noted our holding in *Connecticut Fund for the Environment, Inc.*, and explained that if an intervenor wanted to raise environmental claims that fall outside the agency's statutory authority, such "[o]ther environmental impacts must be raised before other appropriate administrative

bodies, if any, or in their absence by the institution of an independent action pursuant to § 22a-16." (Internal quotation marks omitted.) *Middletown* v. *Hartford Electric Light Co.*, supra, 597.

We reaffirmed the limited scope of interventions in *Connecticut Water Co.* v. *Beausoleil*, 204 Conn. 38, 526 A.2d 1329 (1987). In that case, we concluded that § 22a-19 did not permit an intervenor to bring a claim for damages when the underlying administrative proceeding did not allow for such a remedy. Id., 48. We explained that in prior cases "we [had] recognized that . . . § 22a-19 does not expand the jurisdictional authority of an administrative body . . . to hear any and all environmental matters, but rather, limits an intervenor to the raising of those environmental matters which impact on the particular subject of the act pursuant to which the commissioner is acting." (Emphasis omitted.) Id., 46. We also noted that our prior holdings rested in part on the limited nature of intervention: "Intervention allows one who was not a party in an original action to become a party upon his request. He has a derivative role by virtue of an action already shaped by the original parties. He takes the controversy as he finds it and may not introduce his own claims to restyle the action." Id., 48. We determined that § 22a-19 did not expand the powers of either the agency or the court to allow damages when that power does not already exist by some other statute. Id., 47–48. We further concluded that, "[i]f the plaintiff could not have raised its claim for damages at [an administrative] hearing, it could not raise them upon intervention [pursuant to § 22a-19] in any appeal from the hearing by the defendant, had there been one. The plaintiff, therefore, is in no better position upon its intervention . . . ." Id., 47.

We again reiterated these principles in *Nizzardo* v. *State Traffic Commission*, 259 Conn. 131, 788 A.2d 1158 (2002). In that case, we described our prior holdings and observed that "[w]e must presume that in enacting § 22a-19, the legislature was aware of those statutes that define and limit the jurisdictional authority of state and local agencies. We must further presume that the legislature intended to create a harmonious and consistent body of law and we must interpret § 22a-19 together with statutes establishing the jurisdictional limits of administrative agencies. The interpretation of § 22a-19 urged by the intervenor would vitiate those statutes that establish the limited jurisdiction of an administrative agency. We conclude that we were correct when we held in *Connecticut Fund for the Environment, Inc.* v. *Stamford*, supra, 192 Conn. 250, that [§] 22a-19 . . . must be read in connection with the legislation which defines the authority of the particular administrative agency . . . [and was] not intended to expand the jurisdictional authority of an administrative body whenever an intervenor raises environmental issues. Such a construction of § 22a-19 gives effect to its provisions and

to the legislation that defines the scope of authority of an administrative agency." (Internal quotation marks omitted.) *Nizzardo* v. *State Traffic Commission*, supra, 158. We further noted that "[t]he act's provision for a broad, independent cause of action in § 22a-16 further reinforces the accuracy of our conclusion . . . [that § 22a-19 does not expand the powers of an agency]. Section 22a-16 establishes an independent cause of action against, inter alia, the state, a municipality or an agency of either to raise a claim of unreasonable pollution. . . . [T]he existence of a separate action under § 22a-16 evidences the legislature's intent to provide a mechanism for addressing environmental concerns without expanding the limited jurisdictional authority of administrative agencies." (Citations omitted; footnote omitted.) Id., 158–59.

From these cases, we draw several principles relevant to our analysis. Our cases show that an intervention under § 22a-19 is not intended to displace or expand the statutes that govern agency powers and procedures. Instead, § 22a-19 simply allows an intervenor to raise environmental concerns within the statutory limitations placed on the agency. If the environmental concerns that a party wishes to raise are not within the scope of the agency's statutory power, the party must bring a separate action under § 22a-16. Although these cases addressed the impact of § 22a-19 on the powers of an agency, we believe they apply with equal force to the powers of a trial court. As we explained in *Nizzardo* v. *State Traffic Commission*, supra, 259 Conn. 158, we presume that the legislature intended to maintain the procedures it created for other types of proceedings and did not intend for the act to expand those powers.

The statutes create a limited role for a trial court hearing an administrative or zoning appeal. See, e.g., General Statutes §§ 4-183 (j) and 8-8 (*l*). Courts hearing such appeals do not sit as courts of equity, but as appellate tribunals. *Burnham* v. *Administrator, Unemployment Compensation Act*, supra, 184 Conn. 321; *Johnston* v. *Salinas*, supra, 56 Conn. App. 776. Their power to find facts and grant relief is narrow and generally confined to reviewing the validity of the agency decision. See, e.g., General Statutes §§ 4-183 (j) and 8-8 (*l*). Specifically, in zoning appeals, the trial court's reviewing authority is strictly constrained by § 8-8 (*l*) and the substantial evidence rule, "according to which, [c]onclusions reached by [a zoning board] must be upheld by the trial court if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the [board]. . . . The question is not whether the trial court would have reached the same conclusion, but whether the record before the [board] supports the decision reached. . . . If a trial court finds that there is substantial evidence to support a zoning board's findings, it cannot substitute

its judgment for that of the board. . . . If there is conflicting evidence in support of the zoning [board's] stated rationale, the reviewing court . . . cannot substitute its judgment as to the weight of the evidence for that of the [board]. . . . The agency's decision must be sustained if an examination of the record discloses evidence that supports any one of the reasons given." (Citations omitted; internal quotation marks omitted.) *Municipal Funding, LLC* v. *Zoning Board of Appeals*, 270 Conn. 447, 453, 853 A.2d 511 (2004).

Permitting an intervenor to raise claims for injunctive relief in an administrative or zoning appeal would entirely change the character of the proceedings by potentially requiring the trial court to engage in factfinding and empowering it to grant sweeping relief not otherwise permitted in such a limited proceeding. Allowing such an expansion would be squarely at odds with our prior cases interpreting the scope of § 22a-19. See, e.g., *Nizzardo* v. *State Traffic Commission*, supra, 259 Conn. 158–59.

Relying on these principles, we conclude that the legislature did not intend for § 22a-18 (a) to enlarge the powers of a trial court hearing an action in which a party has intervened under § 22a-19. Rather, § 22a-19 allows intervenors to seek only those forms of relief that otherwise are permitted in the underlying proceeding. Courts hearing an intervention claim under § 22a-19 can enter an equitable remedy only if the underlying proceeding otherwise allows for such relief remedy. See *Diamond 67, LLC* v. *Planning & Zoning Commission*, supra, 117 Conn. App. 84 (allowing party to intervene under § 22a-19 in action allowing injunctive relief); *Keeney* v. *Fairfield Resources, Inc.*, supra, 41 Conn. App. 121 (same); *Zoning Commission* v. *Fairfield Resources Management, Inc.*, supra, 41 Conn. App. 93, 116 (same). Otherwise, if a party with environmental concerns is unable to have those concerns heard or have its desired relief granted in the context of an intervention under § 22a-19, the party is free to file an independent action for declaratory or equitable relief under § 22a-16. See *Nizzardo* v. *State Traffic Commission*, supra, 259 Conn. 158–59.

To the extent that the trial court in the present case concluded that the act empowered it to enter an injunction that was otherwise not permitted in a zoning appeal, its decision must be reversed.

### III

Our conclusion in part II resolves the second issue presented to us. Hunter Ridge claims that the trial court improperly substituted its judgment for that of the commission on the factual issues raised by the intervenor, and we agree. In reaching its findings of fact, the trial court relied on the procedures in § 22a-18 (b) through (d), which give a trial court the discretion to remand a

matter to an agency for consideration of environmental issues raised and allow the court to adjudicate the environmental issues itself if the court finds that the agency's consideration of the issues was not adequate.

The reasons for our conclusion in part II that § 22a-18 (a) does not apply to an action in which a party has intervened under § 22a-19 compels us to conclude that § 22a-18 (b) through (d) also do not apply to proceedings with interventions. We are satisfied that § 22a-18 (b) through (d) apply only to independent actions brought under § 22a-16 and do not apply to or enlarge the powers of a trial court hearing an action in which an intervenor has raised environmental claims pursuant to § 22a-19. Applying the procedures in § 22a-18 (b) through (d) would significantly expand the powers of a trial court hearing an administrative or zoning appeal. The statutes governing such appeals give the trial court power to decide issues of fact only in narrow circumstances. See, e.g., General Statutes §§ 4-183 (j) and 8-8 (k). Permitting a trial court to entirely reject an agency's decision and render its own findings on an intervenor's environmental claims would eviscerate these limitations and would convert the trial court's role from that of an appellate tribunal to a court of general jurisdiction. We have already concluded that interventions under § 22a-19 were not intended to have such an effect. We therefore conclude, consistent with our conclusion in part II, that a trial court can adjudicate facts relating to environmental matters raised by an intervenor only if the underlying proceeding gives the trial court authority to adjudicate such factual issues. See, e.g., *Keeney* v. *Fairfield Resources, Inc.*, supra, 41 Conn. App. 121, 138 (§ 22a-19 permits party to intervene in enforcement action brought by Commissioner of Environmental Protection, which permits court to adjudicate claims and enter injunctive relief). If a party would like the trial court to remand a matter back to an agency for further consideration or to render its own findings of fact on an intervenor's environmental claims, authority for the court to do so must be found in the statutes governing the underlying proceeding. An intervenor must take the proceeding as he finds it. *Nizzardo* v. *State Traffic Commission*, supra, 259 Conn. 154. If the proceedings he intends to join do not allow him to present new claims or obtain the relief he seeks, he must address his environmental concerns through an action under § 22a-16. Id., 158–59.

It follows from our conclusion, therefore, that the trial court in the present case could not properly have relied on § 22a-18 (b) through (d) to remand the matter back to the commission for consideration of the intervenor's claims or to independently adjudicate the factual issues raised in those claims. If the trial court hearing a zoning appeal is to consider additional evidence not found in the administrative record, it may do so only pursuant to the statutes controlling the procedures on

appeal. See, e.g., General Statutes § 8-8 (k). Because the trial court in the present case based its decision to reject the agency's findings in the present case on § 22a-18 (b) through (d), its decision must be reversed and remanded for further consideration of Hunter Ridge's appeal and the intervenor's claims in light of this opinion.

## IV

One more issue remains for our resolution. Hunter Ridge also appeals from that portion of the trial court's judgment awarding costs to the intervenor. Recall that § 22a-18 (e) allows a trial court to award costs whenever an intervenor obtains declaratory or equitable relief against a defendant. In light of our conclusion in part II of this opinion that the trial court could not properly have awarded such relief in this case, we are compelled also to conclude that the trial court could not properly award the intervenor his costs under § 22a-18 (e).

The judgment is reversed and the matter is remanded to the trial court for further proceedings according to law.

In this opinion the other justices concurred.

[1] General Statutes § 22a-14 et seq.

[2] Although § 22a-19 has been amended by the legislature since the events underlying the present case; Public Acts 2013, No. 13-186, § 1; that amendment has no bearing on the merits of this appeal.