## PATHWAYS, INC. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF GREENWICH (SC 16408)

Norcott, Katz, Palmer, Vertefeuille and Zarella, Js.

Argued October 30, 2001—officially released March 12, 2002

*Andrew J. McDonald*, with whom were *Brian C. Roche* and, on the brief, *Gerald C. Pia*, for the appellant (prospective intervenor Brookridge District Association).

*Daniel W. Moger, Jr.*, for the appellee (plaintiff).

*Haden P. Gerrish*, for the appellee (defendant).

*Thomas Behrendt* filed a brief for the Connecticut Legal Rights Project, Inc., et al., as amici curiae.

*Opinion*

ZARELLA, J. Brookridge District Association (Brookridge), an association of neighborhood landowners, appeals from the trial court's denial of its motion to intervene in this action between the plaintiff, Pathways, Inc. (Pathways), and the defendant, the planning and zoning commission of the town of Greenwich (commission). On appeal, Brookridge claims, inter alia, that the trial court improperly: (1) applied a "necessary and indispensable party" test in denying its motion to intervene as a matter of right; and (2) concluded that Brookridge's motion to intervene was untimely. Pathways contends that this court lacks subject matter jurisdiction over Brookridge's appeal inasmuch as the trial court's denial of Brookridge's motion to intervene is not an appealable final judgment because Brookridge subsequently has intervened pursuant to General Statutes § 22a-19.[1] We agree that this court lacks subject

---

[1] General Statutes § 22a-19 provides in relevant part: "(a) In any administrative, licensing or other proceeding, and in any judicial review thereof made available by law, the Attorney General, any political subdivision of the state, any instrumentality or agency of the state or of a political subdivision thereof, any person, partnership, corporation, association, organization or other legal entity may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state. . . ."

matter jurisdiction and, accordingly, dismiss Brookridge's appeal. We therefore do not reach the merits of Brookridge's claims.

The record reveals the following relevant facts and procedural history. Pathways applied to the commission for a special permit and site plan approval to build a group living facility for recovering psychiatric patients at 509 East Putnam Avenue in Greenwich. The commission voted to deny Pathways' application, and Pathways appealed to the trial court from the commission's decision to deny its application. Subsequently, Pathways and the commission entered into discussions to settle the case. At the conclusion of a public hearing held by the commission on January 28, 2000, the commission voted to approve a settlement and to enter into a stipulated judgment that had been proposed by Pathways.[2]

Amid settlement discussions, and before the commission voted to approve the proposed settlement, Brookridge, which opposed Pathways' proposed project, moved to intervene in Pathways' appeal pursuant to

[2] On September 29, 2000, Brookridge appealed to the trial court from the commission's decision to settle Pathways' appeal by entering into the proposed stipulated judgment. On October 11, 2000, Pathways filed a motion to dismiss Brookridge's appeal. On January 8, 2001, the trial court, *Cohn, J.*, granted Pathways' motion and rendered judgment dismissing Brookridge's appeal for lack of subject matter jurisdiction, from which Brookridge appealed to the Appellate Court. We subsequently granted Brookridge's motion to transfer the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-2. In the companion case also released today, *Brookridge District Assn.* v. *Planning & Zoning Commission*, 259 Conn. 607, 618–19, 793 A.2d 215 (2002), we affirmed the trial court's judgment dismissing Brookridge's appeal, holding that because a planning commission's decision to settle a pending appeal by entering into a stipulated judgment is not a decision within the meaning of General Statutes § 8-8 (b), an appeal to the Superior Court pursuant to § 8-8 (b) does not lie from that decision.

General Statutes §§ 52-102[3] and 52-107,[4] and Practice Book §§ 9-18[5] and 9-19.[6] On February 14, 2000, Pathways filed an objection to Brookridge's motion to intervene, and, on March 3, 2000, the commission filed a similar objection. On March 27, 2000, the trial court, *Hon. Robert Satter,* judge trial referee, denied Brookridge's motion to intervene. On April 17, 2000, Brookridge simultaneously filed a petition for certification to appeal to the Appellate Court from the trial court's denial of its motion to intervene and a verified pleading in the trial court seeking to intervene pursuant to § 22a-19.[7] On May 24, 2000, the Appellate Court granted Brookridge's petition for certification to appeal. On October 23, 2000, we transferred Brookridge's appeal to this court pursu-

---

[3] General Statutes § 52-102 provides: "Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy."

[4] General Statutes § 52-107 provides in relevant part: "The court may determine the controversy as between the parties before it, if it can do so without prejudice to the rights of others; but, if a complete determination cannot be had without the presence of other parties, the court may direct that such other parties be brought in. . . ."

[5] Practice Book § 9-18 provides: "The judicial authority may determine the controversy as between the parties before it, if it can do so without prejudice to the rights of others; but, if a complete determination cannot be had without the presence of other parties, the judicial authority may direct that they be brought in. If a person not a party has an interest or title which the judgment will affect, the judicial authority, on its motion, shall direct that person to be made a party."

[6] Practice Book § 9-19 provides: "Except as provided in Sections 10-44 and 11-3 no action shall be defeated by the nonjoinder or misjoinder of parties. New parties may be added and summoned in, and parties misjoined may be dropped, by order of the judicial authority, at any stage of the cause, as it deems the interests of justice require."

[7] On December 12, 2000, Brookridge withdrew its verified pleading. Subsequently, on December 18, 2000, Brookridge filed a second verified pleading pursuant to § 22a-19.

ant to General Statutes § 51-199 (c) and Practice Book § 65-1.

The dispositive issue on appeal is whether the trial court's denial of Brookridge's motion to intervene is an appealable final judgment. We previously have stated that "[t]he test for determining whether an order denying a motion to intervene constitutes a final judgment is whether the would-be intervenor can make a colorable claim to intervention as a matter of right." (Internal quotation marks omitted.) *Winslow* v. *Lewis-Shepard, Inc.*, 216 Conn. 533, 536, 582 A.2d 1174 (1990). Under the unique factual circumstances of this case, however, the test set forth in *Winslow* is not dispositive. In addition to the *Winslow* test, we must consider whether the trial court's denial of Brookridge's motion to intervene was an appealable final judgment in light of Brookridge's subsequent intervention pursuant to § 22a-19. We conclude that the trial court's denial of Brookridge's motion to intervene is not an appealable final judgment because Brookridge successfully intervened pursuant to § 22a-19.

In *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983), we set forth the test for determining when an otherwise interlocutory order or ruling of the Superior Court constitutes an appealable final judgment. "An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." Id.

The trial court's denial of Brookridge's motion to intervene is not an appealable final judgment because it does not meet the requirements of either prong of the *Curcio* test. First, the trial court's denial of Brookridge's motion to intervene did not terminate a separate action

or proceeding. Pathways' appeal from the commission's decision to deny Pathways' application for a special permit and site plan approval was not terminated as a result of the trial court's denial of Brookridge's motion to intervene. Second, because Brookridge successfully intervened pursuant to § 22a-19, the trial court's denial of Brookridge's earlier motion to intervene did not conclude Brookridge's rights so that further proceedings will not affect it.

Section 22a-19 "permits any person, on the filing of a verified pleading, to intervene in any administrative proceeding for the limited purpose of raising environmental issues." *Connecticut Fund for the Environment, Inc.* v. *Stamford*, 192 Conn. 247, 248 n.2, 470 A.2d 1214 (1984). In *Mystic Marinelife Aquarium, Inc.* v. *Gill*, 175 Conn. 483, 400 A.2d 726 (1978), we concluded that a prospective intervenor that had filed a verified pleading pursuant to § 22a-19 became a party to an administrative proceeding upon doing so; id., 489; and had "statutory standing to appeal for the limited purpose of raising environmental issues." Id., 490.

Although Brookridge has standing only as to the environmental issues that it has raised in its verified pleading, it nevertheless is an intervenor pursuant to the provisions of § 22a-19. Consequently, Brookridge's rights have not been disposed of such that any further proceedings cannot affect them. See *State* v. *Curcio*, supra, 191 Conn. 31. Brookridge has retained its intervenor party status, and, therefore, the trial court's denial of Brookridge's motion to intervene does not resolve Brookridge's rights with respect to Pathways' appeal from the decision of the commission denying Pathways' application for a special permit and site plan approval. Accordingly, the trial court's denial of Brookridge's motion to intervene in Pathways' appeal is not an appealable final judgment, and, therefore, we lack sub-

ject matter jurisdiction to entertain Brookridge's appeal.

The appeal is dismissed.

In this opinion the other justices concurred.