JANET A. IRVING *v.* FIREHOUSE ASSOCIATES, LLC
(AC 23792)

Lavery, C. J., and McLachlan and Dupont, Js.

Argued January 7—officially released May 4, 2004

*Thomas E. Crosby,* for the appellant (defendant).

*Gerald L. Garlick,* with whom was *Charles J. Irving,* for the appellee (plaintiff).

*Opinion*

McLACHLAN, J. The defendant, Firehouse Associates, LLC, appeals from the trial court's judgment rendered in accordance with a report by an attorney trial referee (referee) in a dispute with the plaintiff, Janet

A. Irving, over a claimed right-of-way. The defendant claims on appeal that the court's judgment in accordance with the referee's report was improper because the court deprived the defendant of the opportunity to first file a transcript of the proceedings conducted before the referee and to file further objections to the report, as provided for by Practice Book § 19-18, despite requesting an extension of time within which to do so. We reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.

The parties to this action are the owners of adjacent parcels of real estate located in Essex. In June, 2001, a dispute arose as to a right-of-way claimed by the plaintiff over the defendant's land after the defendant erected a masonry retaining wall and other structures that allegedly altered the configuration and contour of the land and obstructed the right-of-way.

In a six count amended complaint, the plaintiff alleged that the defendant's property was subject to a right-of-way in favor of her parcel pursuant to two separate deeds (counts one and two), that there existed easements by necessity (fourth count) and by implication (fifth count), and that the defendant maliciously obstructed her right-of-way (sixth count).[1] The plaintiff sought a permanent injunction prohibiting the defendant from obstructing her right-of-way and requested damages. In response, the defendant filed an answer, eight special defenses[2] and a two count counterclaim,

---

[1] The plaintiff withdrew the third count of adverse possession at trial.

[2] By way of special defense, the defendant claimed that (1) the unity of title doctrine barred the plaintiff's claim of a right-of-way or an easement; (2) General Statutes § 47-37 and the applicable statute of limitations barred the plaintiff's claim of a right-of-way by prescriptive easement; (3) the plaintiff's claim of an easement, if one existed, was personal to a certain predecessor in interest and did not run with the land; (4) the plaintiff or her predecessors in interest abandoned any claim to a right-of-way or an easement; (5) to the extent that the plaintiff owns an easement or right-of-way over the defendant's land, such easement or right-of-way is void and

the first count seeking to quiet title and the second claiming tortious interference with the defendant's right to use the property.

The court referred the matter to a referee who, after conducting a hearing, filed a report and submitted a memorandum of decision. In his report, the referee found that the defendant's property was subject to a right-of-way in favor of the plaintiff and that an injunction should be issued requiring the defendant to dismantle the masonry retaining wall, but that the plaintiff was not entitled to damages.[3]

On October 8, 2002, the defendant filed its preliminary objections to the referee's report and a motion for extension of time to file the transcript of the hearing before the referee and to file further objections. The court granted the motion for an extension of time, permitting the defendant until November 21, 2002, to file the transcript and any additional objections.[4] Although the extension period elapsed, the defendant never filed a transcript or further objections to the referee's report, nor did it file a motion seeking additional time in which to do so. On December 16, 2002, the parties appeared before the court for a hearing on the defendant's prelim-

unenforceable because it is ambiguous as to certain particulars; (6) to the extent that the plaintiff owns an easement or right-of-way, such easement or right-of-way is limited to the reasonable uses that could have been made of it as of the date it was created; (7) the plaintiff's claims to an easement by implication or necessity are void and unenforceable because the plaintiff has other means of obtaining access to her property; and (8) the plaintiff is not entitled to attorney's fees or punitive damages because she has failed to state a claim on which such relief can be awarded.

[3] Specifically, the referee found in favor of the plaintiff as to counts one and two of her complaint, and in favor of the defendant as to counts four, five and six. The referee also found that the defendant was entitled to judgment quieting and settling title to the property of the parties as to the right-of-way and found in favor of the plaintiff on the tortious interference counterclaim.

[4] On October 11, 2002, the plaintiff timely filed a response to the defendant's preliminary objections to the referee's report.

inary objections. At the hearing, the defendant informed the court that it had not yet procured a copy of the transcript and requested additional time to do so. The plaintiff did not dispute that the defendant had seasonably ordered the transcript from the court reporter. The court denied the defendant's oral motion for a continuance to file the transcript and further objections, and overruled the defendant's preliminary objections. The court then rendered judgment in accordance with the referee's report.[5] This appeal followed.

In a subsequent articulation of its decision, the court indicated that it overruled the defendant's preliminary objections to the referee's report based, in part, on the defendant's failure to file a transcript with its objections, as required by Practice Book § 19-14.

The defendant claims on appeal that the court should have granted an additional continuance for the defendant to obtain and to file a transcript of the proceedings before the referee prior to rendering judgment in accordance with the referee's report. The defendant claims, in particular, that by denying the motion for a continuance, the court inequitably prevented the defendant from satisfying the requirements of Practice Book § 19-14 and used the defendant's noncompliance as a ground for overruling the defendant's preliminary objections and rendering judgment in accordance with the report.

"A motion for continuance is addressed to the discretion of the trial court, and its ruling will not be overturned absent a showing of a clear abuse of that discretion. . . . We are especially hesitant to find an abuse of discretion where the court has denied a motion

---

[5] Although the transcript indicates that the court rendered judgment in accordance with the referee's report, the judgment file appears to be inconsistent with the referee's memorandum of decision, which states that judgment was rendered in favor of the defendant with respect to the defendant's first special defense.

for continuance made on the day of trial. . . . Every reasonable presumption in favor of the proper exercise of the trial court's discretion will be made." (Citations omitted; internal quotation marks omitted.) *Thode* v. *Thode*, 190 Conn. 694, 697, 462 A.2d 4 (1983). In deciding whether to grant a continuance, the court of necessity balances several factors, including the importance of effective case flow management and the relative harm or prejudice to both parties. Id., 698. Absent a showing of actual prejudice, the court will not be found to have abused its discretion when denying the defendant's motion for a continuance. Id.

The court correctly determined that Practice Book § 19-14 requires that a party objecting to the acceptance of a referee's report "must file with the party's objections a transcript of the evidence taken . . . ."[6] Practice Book § 19-14. The obvious purpose of that requirement is to present the court with the necessary transcripts of evidence to consider a party's objection and to determine whether there is support in the record for the referee's findings of fact. See *Meadows* v. *Higgins*, 249 Conn. 155, 170 n.10, 733 A.2d 172 (1999). In the present case, however, the court should have recognized that the defendant's failure to comply with that requirement, despite its diligent efforts to comply, was due to circumstances beyond its control.

The record reveals that on October 11, 2002, well before the court's December 16, 2002 hearing on the defendant's preliminary objections, the defendant filed

---

[6] Practice Book § 19-14 provides: "A party may file objections to the acceptance of a report on the ground that conclusions of fact stated in it were not properly reached on the basis of the subordinate facts found, or that the committee or attorney trial referee erred in rulings on evidence or other rulings or that there are other reasons why the report should not be accepted. A party objecting on these grounds must file with the party's objections a transcript of the evidence taken before the committee, except such portions as the parties may stipulate to omit."

Form JD-ES-38 with the court reporter's office, requesting a copy of the transcripts of the proceedings before the referee. In the court reporter's acknowledgement of the request, the reporter estimated a delivery date of January 10, 2003. The record therefore establishes to our satisfaction that the defendant, through no fault of its own, was unable to provide a transcript to the court by December 16, 2002, and should have been granted a continuance to do so.[7]

In denying the defendant's request for a continuance, the court effectively prevented the defendant from complying with Practice Book § 19-14 and establishing the factual basis for its preliminary objections. It is fundamentally inequitable to fault or to punish the defendant for administrative delays in processing transcript requests. Such delays in the court reporter's office are beyond the control of the parties and, unlike a situation in which a party is unwilling or derelict in his duty to comply with Practice Book § 19-14, should not serve as grounds to deny a party the opportunity to oppose a referee's report meaningfully.[8]

---

[7] We reach that conclusion notwithstanding the fact that the defendant could have moved for a further continuance after discovering that the court reporter's office would be unable to process the transcript request prior to the date of the first continuance and prior to the December 16, 2002 hearing. Although, as a general matter, the filing of an additional continuance is the practice that should be followed, we must, in the present case, consider the court's comments at the time it granted the defendant's initial motion for continuance. In granting the motion, the court stated: "Well, the motion for extension says they do need time. So, I'll give them the extension to file the additional objections with the transcript." The plain import of that language is that the court sought to provide the defendant the opportunity to obtain a transcript. Although, at the prompting of the plaintiff, the court subsequently set a date of November 21, 2002 to obtain the transcript, the court's initial comment still influences our conclusion.

[8] We note also that General Statutes § 51-61 (c) provides in relevant part: "Each official court reporter, assistant court reporter and monitor shall, when requested, furnish to . . . any party of record and to any other person, within a reasonable time, a transcript of the proceedings, or such portion thereof as may be desired . . . ."

By denying the defendant a continuance to obtain and to file the transcript, the court unfairly prevented the defendant from satisfying Practice Book § 19-14, and fatally impaired the defendant's ability to bolster its preliminary objections factually and successfully to oppose the acceptance of the referee's report. Notwithstanding the great deference that must be accorded the court in addressing requests for continuance, we conclude that the prejudice suffered by the defendant by the denial of its motion was so great that the denial of the motion amounted to an abuse of discretion. Accordingly, we reverse the judgment of the trial court and remand the case to afford the defendant the opportunity to file the transcript of the hearing, file its final objections and for the court to hold a hearing thereon.[9]

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

---

[9] We note that the defendant raises three additional claims on appeal. The first is that the court should not have rendered judgment in accordance with the referee's report because the report was filed more than 120 days after trial was completed. That claim is without merit and warrants no further discussion, given the well established timeliness guidelines for filing set forth in Practice Book § 7-17. Although the report was filed 122 days after the trial, the 120th day fell on a Saturday.

We also do not address the defendant's remaining two claims because each is dependent on the referee's factual findings and, as such, requires a review by the trial court of the hearing transcript. Those claims were, therefore, not decided on the merits and should be considered by the court on rehearing when the court has the benefit of assessing the transcript.