BRADY BAXTER ET AL. *v.* ESAT ASLANSAN ET AL.
(AC 24680)

Foti, Flynn and McLachlan, Js.

Submitted on briefs September 16—officially released November 2, 2004

*Esat Aslansan,* pro se, the appellant (defendant), filed a brief.

*John D. Tower* filed a brief for the appellees (plaintiffs).

*Opinion*

PER CURIAM. The defendant Esat Aslansan[1] appeals from the judgment of the trial court rendered in accordance with a report submitted by an attorney trial referee (referee) in a dispute with the plaintiffs, Brady

---

[1] The plaintiffs' motion to dismiss the appeal as to the defendant Aysel Aslansan was granted by this court on January 29, 2004. Accordingly, the only appellant in this case is Esat Aslansan, to whom we refer in this opinion as the defendant.

Baxter and Cynthia Masters, over a residential lease agreement and the return of a security deposit.[2]

The following facts were found by the referee and adopted by the trial court. The plaintiffs had leased certain premises from the defendant from May 1, 1997, through June 30, 2000. The plaintiffs had paid to the defendant a total of $10,200 in security deposits. On June 10, 2000, the plaintiffs notified the defendant of their forwarding address to ensure the proper return of their security deposit. On July 26, 2000, the defendant sent a check in the amount of $4818.53, together with an accounting, which represented the balance of the security deposit that the defendant said he owed to the plaintiffs. The defendant claimed a credit for nonpayment of rent where the plaintiffs had deducted certain sums for repairs to the premises in the amounts of $885.10 for a chimney repair and $421.24 for radiator repairs, and he claimed a credit for damages to the premises. The referee found that the defendant had authorized the plaintiffs to expend certain funds for repairs of damage to the premises that existed prior to the plaintiffs' taking possession and, thus, the defendant was not entitled to deduct those amounts from the security deposit. On August 27, 2003, the referee filed his findings of fact and his recommendation that judgment be rendered in favor of the plaintiffs in the amount of $15,177.20, consisting of the full return of the security deposit in the amount of $10,200 plus statutory interest in the amount of $774, minus the amount previously returned of $4818.53, leaving the balance of $6155.47 unpaid, plus additional interest commencing from August 1, 2000, at a rate of 6 percent per annum. The referee recommended that attorney's fees in the amount

[2] The plaintiffs' complaint sounded in two counts, breach of a residential lease and unfair trade practices. The referee recommended judgment in favor of the plaintiffs as to count one only. The defendant also filed a four count counterclaim, which the referee found to be unsubstantiated.

of $7913.75 be awarded to the plaintiffs as reasonable fees allowable pursuant to the parties' lease agreement, which allowed the plaintiffs to collect attorney's fees in the event that the defendant was found to have breached the lease.

On September 2, 2003, the defendant filed a letter with the Superior Court, stating that he objected to the findings and decision of the referee. After a September 23, 2003 hearing on the objection, the court issued a notice of judgment, finding in favor of the plaintiffs. The court then rendered judgment in which it corrected a typographical error in the referee's report, overruled the defendant's objections and accepted the referee's report. This appeal followed.

"It is axiomatic that [a] reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. See Practice Book § [19-17] . . . . [Our Supreme Court] has articulated that attorney trial referees and factfinders share the same function . . . whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the court. . . . The factual findings of a [referee] on any issue are reversible only if they are clearly erroneous. . . . [A reviewing court] cannot retry the facts or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citation omitted; internal quotation marks omitted.) *Meadows* v. *Higgins*, 249 Conn. 155, 162, 733 A.2d 172 (1999).

The defendant challenges several of the referee's findings as well as the resulting award and the court's acceptance of it. The defendant cites no case law, no statutes and no legal authority whatsoever in his appellate brief. Rather, his brief contains six pages of "objections" relating to the findings of the referee and award of damages. Additionally, in contravention of Practice Book § 19-14, the defendant failed to file with the trial court a transcript of the evidence taken before the referee. "Practice Book § 19-14 requires that a party objecting to the acceptance of a referee's report 'must file with the party's objections a transcript of the evidence taken . . . .'[3] Practice Book § 19-14. The obvious purpose of that requirement is to present the court with the necessary transcripts of evidence to consider a party's objection and to determine whether there is support in the record for the referee's findings of fact." (Internal quotation marks omitted.) *Irving* v. *Firehouse Associates, LLC*, 82 Conn. App. 715, 720, 846 A.2d 918 (2004).

Where a party files an objection to the report of a referee, pursuant to Practice Book § 19-14, but fails to file a transcript of the evidence taken, it is "impossible for the court to ascertain whether there is support in the record for the referee's findings of fact." (Internal quotation marks omitted.) *Meadows* v. *Higgins*, supra, 249 Conn. 170 n.10. Accordingly, the factual findings of the referee properly stood uncorrected by the court because, without a transcript, the court's only role was "determining whether the subordinate facts found by the attorney referee were sufficient to support the refer-

---

[3] Practice Book § 19-14 provides: "A party may file objections to the acceptance of a report on the ground that conclusions of fact stated in it were not properly reached on the basis of the subordinate facts found, or that the committee or attorney trial referee erred in rulings on evidence or other rulings or that there are other reasons why the report should not be accepted. A party objecting on these grounds must file with the party's objections a transcript of the evidence taken before the committee, except such portions as the parties may stipulate to omit."

ee's ultimate factual conclusions." (Internal quotation marks omitted.) Id.

In reviewing the subordinate facts found by the referee and accepted by the court, we conclude that those facts sufficiently support the ultimate conclusions.

The judgment is affirmed.