GODFREY BURTON ET AL. *v.* CITY OF STAMFORD
(AC 32144)

Bishop, Bear and Lavery, Js.

Argued January 10—officially released April 5, 2011

*William F. Gallagher*, with whom, on the brief, was *Hugh D. Hughes*, for the appellants (plaintiffs).

*Kenneth B. Povodator*, assistant corporation counsel, with whom, on the brief, was *Michael D. Larobina*, corporation counsel, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiffs, Godfrey Burton (Burton) and Peninah Burton, appeal from the judgment of the trial court rendering summary judgment in favor of the defendant, the city of Stamford (city). On appeal, the plaintiffs claim that the court improperly concluded that their claims were barred by the doctrine of collateral estoppel on the basis of a prior arbitration award. We affirm the judgment of the trial court.

The following factual and procedural history is pertinent to this appeal. On October 2, 2003, the plaintiffs filed a complaint alleging that Burton sustained injuries in a motor vehicle accident that occurred between him and a Stamford police officer, James Grabinski. The plaintiffs alleged that Grabinski's negligence caused the injuries that Burton sustained in the accident and that

the city is liable for the negligence of its employee and agent, Grabinski.[1] On February 4, 2004, the city filed a counterclaim and alleged that Burton's negligence caused the accident.

In 2004, Grabinski commenced a separate action against Burton seeking compensation for the injuries that he had sustained in the accident. In that case, the city filed an intervening complaint. Subsequently, Burton and Grabinski agreed to arbitrate all claims for damages against Burton. On May 19, 2006, the arbitrator issued a decision, which the court confirmed, finding that Burton was responsible for the accident and awarding damages to Grabinski.

Meanwhile, Burton's action against the city went to trial. For procedural reasons more fully set forth in the trial court's decision, this case never reached the jury and remained pending at the time the arbitrator issued his decision. After the arbitrator issued his decision, the city filed a motion for summary judgment claiming that this action is barred by the doctrine of collateral estoppel on the basis of the arbitrator's finding that Burton was responsible for the accident. By memorandum of decision filed March 24, 2010, the trial court granted the defendant's motion for summary judgment, concluding that the parties had "already litigated the issue of liability for the accident, and none of the exceptions to the doctrine of collateral estoppel apply . . . ." This appeal followed.

We have examined the record on appeal and considered the briefs and the arguments of the parties and conclude that the judgment of the trial court should be affirmed. Because the trial court thoroughly addressed the arguments raised in this appeal, we adopt its well reasoned decision as a statement of the facts and the applicable law on the issue. See *Burton* v. *Stamford,*

---

[1] The plaintiffs did not sue Grabinski individually.

52 Conn. Sup. 1, 17 A.3d 543 (2010). Any further discussion by this court would serve no useful purpose. See, e.g., *Woodruff* v. *Hemingway*, 297 Conn. 317, 321, 2 A.3d 857 (2010).

The judgment is affirmed.