DIAMOND 67, LLC *v.* PLANNING AND ZONING
COMMISSION OF THE TOWN OF VERNON
(AC 31913)

Alvord, Bear and Peters, Js.

Argued November 8, 2010—officially released April 5, 2011

*Derek V. Oatis,* for the appellant (intervenor).

*Harold R. Cummings* and *Doreen Amata,* for the appellee (defendant).

*Robert A. Fuller* and *Stanley Falkenstein,* for the appellee (plaintiff).

*Opinion*

ALVORD, J. This appeal arises from a judgment rendered in accordance with a settlement agreement in which the plaintiff, Diamond 67, LLC; the intervening plaintiff, Home Depot U.S.A., Inc.;[1] and the defendant, the planning and zoning commission of the town of Vernon, settled this mandamus action pertaining to the plaintiff's site plan application. Glenn Montigny, an environmental intervenor pursuant to General Statutes § 22a-19,[2] claims that on remand from this court, the trial court (1) improperly denied his request for a continuance, (2) misinterpreted our remand order in *Diamond 67, LLC* v. *Planning & Zoning Commission,* 117 Conn. App. 72, 978 A.2d 122 (2009), and (3) improperly approved the settlement between the plaintiff and the defendant without his consent. The plaintiff and the defendant claim, as alternate grounds for affirmance of the court's decision, that Montigny, as an environmental intervenor, does not have standing to raise procedural issues on appeal or to challenge a stipulated judgment that was reviewed and approved by the Superior Court. We affirm the judgment of the trial court.

The decision of this court in Montigny's previous appeal sets forth the following facts and procedural

[1] Home Depot U.S.A., Inc., the then owner of the property that is the subject of this appeal, was added as a party plaintiff by order of the court, *Sferrazza, J.,* on September 10, 2007. Diamond 67, LLC, had an option to purchase the property. On October 1, 2010, Home Depot U.S.A., Inc., sold the property to Diamond 67, LLC, and no longer has an interest in this appeal. We therefore refer in this opinion to Diamond 67, LLC, as the plaintiff.

[2] General Statutes § 22a-19 (a) provides in relevant part: "In any administrative, licensing or other proceeding, and in any judicial review thereof . . . any person . . . or other legal entity may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state."

history that are relevant to the present appeal. "In 2003, in connection with its proposed development of the subject property known as 117 Reservoir Road in Vernon, [the plaintiff] applied to the Vernon inland wetlands commission (wetlands commission) for a wetlands permit and to the defendant for site plan approval and related permits. Thereafter, the wetlands commission denied [the plaintiff's] application, and [the plaintiff] appealed to the Superior Court. On May 10, 2007, after several proceedings before the Superior Court and the wetlands commission, the court, *Hon. Lawrence C. Klaczak*, judge trial referee, sustained the appeal and remanded the application to the wetlands commission for the purpose of attaching conditions to the issuance of a wetlands permit. The wetlands commission subsequently issued a permit to [the plaintiff].

"In 2003, while resolution of [the plaintiff's] wetlands permit application was pending, the defendant tabled [the plaintiff's] site plan and related permit application. After the wetlands application was substantially resolved by the judgment of the Superior Court in May, 2007, [the plaintiff] filed a new and similar application with the defendant for approval of a site plan and related permits. In June, 2007, however, [the plaintiff] made a written demand to the defendant to approve its 2003 application, alleging that the defendant had failed to act within the time limits in General Statutes § 8-3 (g) and General Statutes (Rev. to 2003) § 8-7d. In July, 2007, after the defendant failed to respond to [the plaintiff's] demand letter, [the plaintiff] filed this action, seeking a writ of mandamus directing the defendant to issue a certificate of approval of the 2003 application. Thereafter, the defendant denied [the plaintiff's] 2003 application, a decision from which [the plaintiff] filed an administrative appeal, separate from its mandamus action.

"While the mandamus action and the administrative appeal were pending, Montigny filed a motion, pursuant to . . . § 22a-19 (a), to intervene in both actions. . . . On October 17, 2007, the court, *Sferrazza, J.*, granted Montigny's motion to intervene in the administrative appeal and denied his motion to intervene in the mandamus action. The court's rationale was that the administrative appeal clearly fell within the ambit of § 22a-19 (a) but that Montigny did not have the right to intervene in the mandamus action because the complaint was based on the automatic approval doctrine . . . and, therefore, the environmental impact of the site plan was immaterial.

"After the court denied Montigny's motion to intervene in the mandamus action, the [plaintiff, Home Depot U.S.A., Inc.] and the defendant engaged in mediation and settlement discussions in the mandamus action, in which Montigny was precluded from participating. The settlement discussions led to a possible agreement on a new site plan, which differed from the 2003 application at issue in both appeals. The defendant held an informal public forum to discuss the new plan but acknowledged that the forum 'was not a public hearing as that term is legally defined . . . .' Thereafter, the defendant voted to approve the settlement, and [the plaintiff] moved for the court to render judgment in accordance with it.[3] On February 13, 2008, before any action was taken on the motion for judgment in accordance with the settlement agreement, Montigny

[3] "The [plaintiff] filed a motion entitled 'Motion for Approval of Settlement Agreement.' At the hearing on the motion, the defendant and Home Depot U.S.A., Inc., joined in that motion. Counsel for the defendant also stated to the court that the motion was not in substance a motion for approval of a settlement under General Statutes § 8-8 (n), which is required in the context of a settlement of an administrative appeal, and that the correct title for the motion should have been 'Motion for Judgment in Accordance with the Stipulation.' " *Diamond 67, LLC* v. *Planning & Zoning Commission*, supra, 117 Conn. App. 77 n.3.

filed a renewed motion to intervene. He argued that unlike the issues in a mandamus action, review of the settlement between the [plaintiff, Home Depot U.S.A., Inc.] and the defendant required the court to consider the environmental impact of the new plan, and, therefore, pursuant to § 22a-19 (a), he had a right to intervene.

"On February 14, 2008, a hearing took place on the motion for judgment in accordance with the settlement agreement. The court, *Sferrazza, J.*, began the hearing by denying Montigny's renewed motion to intervene but permitted Montigny's counsel to participate in the hearing on a limited basis. Consistent with the request by the [plaintiff, Home Depot U.S.A., Inc.] and the defendant, the court treated the motion as one for judgment in accordance with their settlement. . . . The court did not conduct a hearing compliant with General Statutes (Rev. to 2003) § 8-8 (n), which requires a more scrupulous review of settlements in administrative appeals.[4] See generally *Willimantic Car Wash, Inc.* v. *Zoning Board of Appeals*, 247 Conn. 732, 724 A.2d 1108 (1999).

"At the hearing, Montigny's counsel articulated his argument on the motion to intervene, but he was not permitted to address the environmental impact of the proposed settlement. Counsel for the defendant, [the plaintiff and Home Depot U.S.A., Inc.] provided a brief description of the agreed on modifications to the 2003 application, but the court did not inquire about the merits of the mandamus action or the environmental implications of the settlement. The court rendered judgment in accordance with the terms of the settlement

---

[4] General Statutes (Rev. to 2003) § 8-8 (n) provides: "No appeal taken under subsection (b) of this section [by any person aggrieved by any decision of a board, including a decision to approve or deny a site plan] shall be withdrawn and no settlement between the parties to any such appeal shall be effective unless and until a hearing has been held before the Superior Court and such court has approved such proposed withdrawal or settlement."

after confirming that the representatives of the [plaintiff, Home Depot U.S.A., Inc.] and the defendant understood it." (Citations omitted.) *Diamond 67, LLC* v. *Planning & Zoning Commission*, supra, 117 Conn. App. 75–78.

Montigny appealed from that judgment, claiming that the trial court had improperly denied his renewed motion to intervene. Id., 79. We agreed and reversed the judgment of the court. This court concluded that § 22a-19 may also apply to proceedings that are not administrative proceedings. Id., 82. We acknowledged that, in general, there is no right to intervene in a mandamus action, because the only necessary party is the person or entity whose duty it is to perform the act sought. Nevertheless, we concluded that, under the specific facts of this case, the court improperly denied Montigny's renewed motion to intervene in the mandamus action. Id., 83–84. We reached this conclusion because the substance of the settlement between the plaintiff, Home Depot U.S.A., Inc., and the defendant addressed the issues of the administrative appeal and was not limited to the issues of the mandamus action. In substance, the settlement resolved the administrative appeal. Id., 84–85.

We reversed the judgment and remanded the case with direction to grant Montigny's motion to intervene and for further proceedings consistent with the opinion. Id., 85. This court stated that "[o]n remand, before rendering judgment in accordance with a settlement between the [plaintiff, Home Depot U.S.A., Inc.] and the defendant, the court must conduct a hearing compliant with § 8-8 (n) to review the settlement, in which Montigny is entitled to participate for the purpose of raising environmental issues. . . . Our holding is limited to the circumstances presently before us, in which the purported settlement of the mandamus action was

reached through concessions that addressed the substance of the administrative appeal, which were irrelevant in the mandamus action, and in which the parties could not have settled the administrative appeal without the participation of Montigny." Id. Further, this court noted that the "decision does not preclude the [plaintiff and Home Depot U.S.A., Inc.] from continuing to seek a writ of mandamus in the Superior Court." Id., 85 n.8.

Pursuant to this court's remand order, on September 29, 2009, the trial court issued a computer generated notice of hearing scheduled for October 21, 2009, to all of the parties.[5] Montigny's counsel attended the scheduled hearing,[6] as did counsel for the plaintiff, Home Depot U.S.A., Inc., and the defendant. At the beginning of the hearing, the court granted Montigny intervenor status. The court then stated that Montigny's counsel should indicate how he wished to proceed with the § 8-8 (n) hearing.[7] Montigny's counsel responded that a § 8-8 (n) hearing could not proceed because such hearings were permitted by statute only in zoning appeals. He then argued that a mediator's report and notice to interested parties and abutting landowners were required before such a hearing could commence. When the court indicated that it intended to proceed with the § 8-8 (n) hearing, Montigny's counsel requested a short recess

[5] According to court records, this notice was sent to Montigny's counsel. The notice provided that "[t]he above captioned matter is assigned for hearing at the date and time above. All counsel, parties and necessary witnesses must attend. Please call the civil case flow coordinator . . . three days prior to the hearing to obtain information concerning the location of the hearing."

[6] Montigny was not in attendance.

[7] Although referred to as a § 8-8 (n) hearing, we note that the hearing was not held in an administrative proceeding. Our remand order directed that the trial court was required to "conduct a hearing *compliant with* § 8-8 (n)," not that the hearing be conducted *pursuant to* § 8-8 (n). (Emphasis added.) *Diamond 67, LLC* v. *Planning & Zoning Commission*, supra, 117 Conn. App. 85. This distinction is important.

to review the statutes and Practice Book rules. The court granted his request.

When court reconvened, Montigny's counsel represented that the intervenor was not prepared at that point to offer testimony regarding environmental issues because the remand order of this court was ambiguous. He further claimed that he had not received notice of the scheduled hearing and was unaware that he was expected to bring his witnesses to address the merits of Montigny's environmental claims. He stated that he had been made aware of the hearing indirectly, at a status conference held a few weeks prior in a related matter. For those reasons, Montigny's counsel orally requested a continuance of the hearing. The court denied the request and proceeded with the hearing. Montigny's counsel cross-examined the other parties' witnesses. He did not present any evidence concerning environmental issues.

The parties, including Montigny, submitted simultaneous briefs after the hearing. Montigny claimed that (1) the court was in error for failing to grant a continuance because he had no notice of the hearing, (2) the parties were without legal authority to settle the action pursuant to § 8-8 (n) because the statute applied to administrative appeals only and (3) there could be no judgment in accordance with the proposed settlement because Montigny did not consent to the settlement.

By memorandum of decision issued December 3, 2009, the court found that (1) Montigny was provided adequate notice of the October 21, 2009 hearing, (2) counsel for the plaintiff and the defendant appeared at the hearing with their witnesses and were prepared to proceed, (3) delaying the matter under the circumstances was unwarranted and would be an unreasonable burden on the opposing parties and judicial resources, (4) it had granted Montigny intervenor status

and held the required hearing in compliance with § 8-8 (n) as directed in this court's remand order, (5) the intervenor was not present in court and no evidence was offered to support any claim of an environmental impact from the proposed development and (6) the proposed settlement was reached by good faith negotiations and was fair, just and reasonable. Accordingly, the court approved the settlement proposal and rendered judgment in accordance with the terms of the agreement.

Montigny filed a motion to reargue the decision, which was denied by the court on January 5, 2010. This appeal followed.

I

"Ordinarily, we would consider . . . alternate grounds for affirmance only after finding merit in [the claim] raised on appeal. [O]nce the question of lack of jurisdiction of a court is raised, [however, it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) *D'Eramo* v. *Smith*, 273 Conn. 610, 616, 872 A.2d 408 (2005). We therefore consider as a threshold issue the claims of the plaintiff and the defendant that Montigny lacks standing to pursue the issues raised in his appeal because, as an environmental intervenor, he cannot raise procedural issues or challenge a stipulated judgment that was reviewed and approved by the Superior Court.

"[A] party must have standing to assert a claim in order for the court to have subject matter jurisdiction over the claim. . . . Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable

right, title or interest in the subject matter of the controversy." (Internal quotation marks omitted.) *Fleet National Bank* v. *Nazareth*, 75 Conn. App. 791, 793, 818 A.2d 69 (2003).

A

In support of their claim that Montigny does not have standing in this court to challenge the manner in which the hearing on remand was held, the plaintiff and the defendant cite *Pond View, LLC* v. *Planning & Zoning Commission*, 288 Conn. 143, 953 A.2d 1 (2008). In that case, our Supreme Court held that the environmental intervenors lacked standing because they failed to raise any environmental issues in accordance with § 22a-19, and, accordingly, the court dismissed their appeal. Id., 163. Because Montigny has not raised environmental issues in the present appeal, the plaintiff and the defendant argue that he lacks standing to pursue his procedural claims.

*Pond View, LLC,* did not involve a stipulation as to land use and the competing interests that arise when such settlements are reached. See *Sendak* v. *Planning & Zoning Commission*, 7 Conn. App. 238, 242-43, 508 A.2d 781 (1986). Furthermore, Montigny's claims are based on the premise that he was *precluded from raising the environmental issues* because he had not received notice of the hearing, was denied a continuance to prepare for the hearing and had not consented to the settlement agreement. We therefore conclude that he has standing to bring this appeal.

B

The plaintiff and the defendant also claim that Montigny lacks standing because a stipulated judgment is not an appealable decision. Citing *Brookridge District Assn.* v. *Planning & Zoning Commission*, 259 Conn. 607, 793 A.2d 215 (2002), and *Sendak* v. *Planning &*

*Zoning Commission,* supra, 7 Conn. App. 238, they argue that the decision of a land use agency to settle an appeal by a stipulated judgment is valid and not subject to appeal in the absence of bad faith, collusion or other improper conduct by the parties. For that reason, they claim that Montigny's appeal should be dismissed. We disagree.

Although this case is similar to *Brookridge District Assn.* and *Sendak* in that it involves a settlement agreement, it is distinguishable from both of those cases. In *Sendak,* the Ridgefield planning and zoning commission obtained a stipulated judgment to settle several pending actions. *Sendak* v. *Planning & Zoning Commission,* supra, 7 Conn. App. 239. The plaintiffs appealed to the trial court, which dismissed the appeal for lack of subject matter jurisdiction. Id. This court affirmed the dismissal, reasoning that permitting a third party to appeal a commission's decision to settle a land use case should not be allowed because such an appeal would undercut the important interest of promoting the settlement of litigation by agreement of the parties. Id., 243. *Sendak* did not involve a hearing under § 8-8 (n) and, in fact, was decided before the hearing requirement existed. See id., 243 n.1.

In *Brookridge District Assn.*, the trial court dismissed an appeal from a commission's decision to enter into a proposed stipulated judgment. Our Supreme Court, citing *Sendak,* upheld the dismissal. *Brookridge District Assn.* v. *Planning & Zoning Commission,* supra, 259 Conn. 613–14. *Brookridge District Assn.* also did not involve a hearing pursuant to § 8-8 (n) because the plaintiff appealed from the commission's decision to settle before a settlement hearing had been held. Id., 618 n.11. In this case, such a hearing was held, and Montigny's challenge to the judgment rendered in accordance with the settlement agreement is premised on his claim that the proceeding was flawed. The policy

concerns expressed in *Sendak* and *Brookridge District Assn.* do not preclude our review under these circumstances.

## II

We next turn to Montigny's first claim on appeal, which is that the court improperly denied his request for a continuance of the hearing. Specifically, he argues that the court's denial was unfair and arbitrary because he had not received notice from the court that a hearing was to be held on October 21, 2009, at which time he was required to appear with his witnesses. He claims that no information regarding the substance of the hearing was ever provided or received.

"A motion for continuance is addressed to the discretion of the trial court, and its ruling will not be overturned absent a showing of a clear abuse of that discretion. . . . We are especially hesitant to find an abuse of discretion where the court has denied a motion for continuance made on the day of trial. . . . Every reasonable presumption in favor of the proper exercise of the trial court's discretion will be made." (Internal quotation marks omitted.) *Irving* v. *Firehouse Associates, LLC*, 82 Conn. App. 715, 719–20, 846 A.2d 918 (2004). In deciding whether to grant a continuance, the court of necessity balances several factors, including the importance of effective case flow management and the relative harm or prejudice to the parties. Id., 720.

In the present case, our remand order indicated that "before rendering judgment in accordance with a settlement between the [plaintiff] and the defendant, the court must conduct a hearing compliant with § 8-8 (n) to review the settlement, in which Montigny is entitled to participate for the purpose of raising environmental issues." *Diamond 67, LLC* v. *Planning & Zoning Commission*, supra, 117 Conn. App. 85. The purpose and the parameters of the hearing are set forth in that

remand order. Pursuant to the remand order, the trial court sent a computer generated notice to the parties advising them of the date and time of the hearing and requiring counsel, the parties and their witnesses to attend. The court indicated, and our review of the court records confirms, that notice was sent to Montigny's counsel.

Moreover, Montigny's counsel did appear at the October 21, 2009 hearing. He claimed that he learned of the hearing only indirectly at a status conference in a related matter held two weeks prior to the scheduled hearing. He maintains, however, that he believed Montigny would be granted intervenor status at the October 21, 2009 hearing and that an additional hearing would be scheduled to present evidence as to the settlement agreement and environmental issues. Yet, despite his assertion that the remand notice was ambiguous and he was confused, Montigny's counsel failed to seek clarification from the case flow coordinator, the clerk's office or the court prior to the hearing date.[8] The plaintiff, the defendant and their witnesses were present and ready to proceed with the evidence.

In light of the foregoing, we cannot conclude that the trial court abused its discretion in denying Montigny's request for a continuance on the day of the scheduled hearing.

### III

Montigny's next claim is that the court misinterpreted our remand order in *Diamond 67, LLC* v. *Planning & Zoning Commission*, supra, 117 Conn. App. 72. Specifically, he argues that this court's order required any

---

[8] At the hearing on October 21, 2009, counsel for the plaintiff represented that he had suggested to Montigny's counsel that the parties request a meeting with the court prior to the hearing to discuss the procedure to be followed at the hearing. Montigny's counsel did not dispute that representation.

settlement to be approved in a § 8-8 (n) hearing in an administrative appeal proceeding pursuant to § 8-8, and not in the present mandamus action. He claims that the plaintiff and the defendant "simply repeated their prior conduct and continued to treat, what was clearly an administratively based action, as a civil action."

We begin our analysis with the applicable standard of review. "Determining the scope of a remand is a matter of law because it requires the trial court to undertake a legal interpretation of the higher court's mandate in light of that court's analysis. See, e.g., *Higgins* v. *Karp*, 243 Conn. 495, 502–503, 706 A.2d 1 (1998) (duty of trial court to comply with Supreme Court mandate according to its true intent and meaning . . .). Because a mandate defines the trial court's authority to proceed with the case on remand, determining the scope of a remand is akin to determining subject matter jurisdiction. . . . We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Citation omitted; internal quotation marks omitted.) *Hurley* v. *Heart Physicians, P.C.*, 298 Conn. 371, 383, 3 A.3d 892 (2010).

Our remand order provides: "On remand, before rendering judgment in accordance with a settlement between the [plaintiff] and the defendant, the court must conduct a hearing compliant with § 8-8 (n) to review the settlement, in which Montigny is entitled to participate for the purpose of raising environmental issues." *Diamond 67, LLC* v. *Planning & Zoning Commission*, supra, 117 Conn. App. 85. The direction to the trial court is clear. This is a mandamus action, but the settlement in substance resolves the administrative appeal; id.; we therefore ordered a hearing that would be *compliant with* § 8-8 (n).[9] If, as argued by Montigny,

---

[9] "The purpose of [a § 8-8 (n) hearing] is to ensure that zoning matters can be scrutinized by the public by means of a public record. . . . The requirements of a hearing and of court approval serve to protect the integrity

we intended that the hearing take place in the administrative appeal action, we would have expressly so stated, and we would have required that the trial court conduct a hearing *pursuant to* § 8-8 (n).

The trial court followed this court's mandate and conducted a hearing compliant with § 8-8 (n). Montigny's claim that the court misinterpreted our remand order is without merit.

IV

Montigny's final claim is that the court improperly approved the settlement between the plaintiff and the defendant because he did not consent to the settlement. Citing *AvalonBay Communities, Inc.* v. *Zoning Commission*, 280 Conn. 405, 908 A.2d 1033 (2006), he argues that an environmental intervenor, as a party, has to agree to a proposed settlement in order for it to be approved because the settlement of land use appeals requires the agreement of all of the parties.

Our remand order specifically provided that Montigny was to be granted intervenor status and was "entitled to participate [in a hearing compliant with § 8-8 (n)] for the purpose of raising environmental issues." *Diamond 67, LLC* v. *Planning & Zoning Commission*, supra, 117 Conn. App. 85. The trial court granted Montigny's motion to intervene in this mandamus action and afforded him the opportunity to present evidence relating to his claim of an environmental impact from the proposed development. Montigny did not avail himself of that opportunity. He was not present at the hearing,

of the land use planning process by prohibiting side or secret settlements by parties once there has been an appeal to the Superior Court. . . . If, after appealing to the Superior Court, the parties could settle their dispute without the participation of the board and without a public hearing with formal procedural protections, the underlying statutory policy of protecting the public interest would be at risk." (Citations omitted; internal quotation marks omitted.) *Willimantic Car Wash, Inc.* v. *Zoning Board of Appeals*, supra, 247 Conn. 742.

and his counsel presented no witnesses or documentary evidence to support his environmental claim. Lacking any evidence addressed to environmental issues, the court, as stated in its decision, could not find any basis for finding an adverse environmental impact from the proposed development. We conclude that Montigny abdicated his right of approval by abandoning his responsibility to raise environmental issues as an intervenor pursuant to § 22a-19.

The judgment is affirmed.

In this opinion the other judges concurred.