# JAMES D. BATCHELDER ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF VERNON
## (AC 32859)

Lavine, Bear and Mihalakos, Js.

Argued October 25, 2011—officially released January 24, 2012

*Derek V. Oatis*, for the appellants (plaintiffs).

*Susan Boyan*, with whom was *Harold R. Cummings*, for the appellee (defendant).

*Opinion*

LAVINE, J. This administrative appeal concerns the ongoing efforts of the plaintiffs, James D. Batchelder and Glenn Montigny, to block the settlement of litigation between the defendant, the planning and zoning commission of the town of Vernon, and a developer, Diamond 67, LLC (Diamond). The plaintiffs' claims in this appeal are enmeshed in the procedural history of two prior appeals to this court. See *Diamond 67, LLC* v. *Planning & Zoning Commission*, 127 Conn. App. 634, 638–44, 15 A.3d 1112, cert. denied, 301 Conn. 915, 19 A.3d 1261 (2011); *Diamond 67, LLC* v. *Planning & Zoning Commission*, 117 Conn. App. 72, 75–78, 978 A.2d 122 (2009). We conclude that because the plaintiffs

failed to raise their environmental objection to the settlement when they had the opportunity to do so at the remand hearing following the first appeal to this court, we are unable to afford them any practical relief.

The plaintiffs appeal from the judgment of the trial court, *Sferrazza, J.*, denying their appeal from the decision of the defendant to deny their petitions to intervene pursuant to General Statutes § 22a-19[1] in a public forum at which a proposed settlement of litigation between the defendant and Diamond was to be discussed. On appeal to this court, the plaintiffs claim that the trial court improperly (1) granted summary judgment in favor of the defendant as against Montigny and (2) dismissed Batchelder's appeal as moot. We conclude that both plaintiffs' claims are moot and, accordingly, dismiss their appeal.

"Section 22a-19 permits any person, on the filing of a verified pleading, to intervene in any administrative proceeding [and in any judicial review thereof] for the limited purpose of raising environmental issues." (Internal quotation marks omitted.) *Pathways, Inc.* v. *Planning & Zoning Commission*, 259 Conn. 619, 624, 793 A.2d 222 (2002). General Statutes § 8-8 (n)[2] requires the approval by the trial court of any settlement of an administrative appeal. Because the agreement of all

---

[1] General Statutes § 22a-19 (a) provides in relevant part: "In any administrative, licensing or other proceeding, and in any judicial review thereof . . . any person . . . or other legal entity may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or natural resources of the state."

[2] General Statutes § 8-8 (n) provides: "No appeal taken under subsection (b) of this section [by any person aggrieved by any decision of a board, including a decision to approve or deny a site plan] shall be withdrawn and no settlement between the parties to any such appeal shall be effective unless and until a hearing has been held before the Superior Court and such court has approved such proposed withdrawal or settlement."

parties is required to effectuate a settlement of an administrative appeal; see *AvalonBay Communities, Inc.* v. *Zoning Commission,* 87 Conn. App. 537, 556, 867 A.2d 37 (2005), aff'd, 280 Conn. 405, 908 A.2d 1033 (2006); environmental intervenors may oppose approval of a settlement agreement on the basis of the environmental concerns to which they have statutory standing. See *Dietzel* v. *Planning Commission,* 60 Conn. App. 153, 159–60, 165, 758 A.2d 906 (2000).

The following facts and procedural history are relevant to this appeal. In 2003, Diamond applied to the Vernon inland wetlands commission (wetlands commission) for a wetlands permit and to the defendant for site plan approval and related permits in connection with its proposed development. *Diamond 67, LLC* v. *Planning & Zoning Commission,* supra, 117 Conn. App. 75. In 2007, after the wetlands commission issued Diamond a wetlands permit, Diamond filed a renewed application for approval of a site plan and related permits with the defendant.[3] Id. While the renewed application was pending, Diamond brought a mandamus action, claiming that the defendant had failed to act on the 2003 application within the time limits set forth in General Statutes § 8-3 (g) and General Statutes (Rev. to 2003) § 8-7d. Id., 75–76. Diamond argued that it was therefore entitled to have the 2003 application automatically approved. Subsequently, the defendant denied Diamond's renewed application, and Diamond filed an administrative appeal to the trial court from the denial, in addition to the mandamus action. Id., 76.

During the pendency of the mandamus action and the administrative appeal, Montigny filed motions, pursuant to § 22a-19 (a), to intervene in each proceeding. Id. Batchelder, however, did not seek to intervene in either

---

[3] The plaintiffs intervened, pursuant to § 22a-19, in the administrative hearing before the defendant on Diamond's renewed application.

proceeding. On October 17, 2007, the court, *Sferrazza, J.*, granted Montigny's motion to intervene in the administrative appeal but denied his motion to intervene in the mandamus action. Id.

In November, 2007, the parties to the mandamus action engaged in mediation and settlement discussions, from which Montigny and Batchelder were excluded. Id., 77. The discussions led to a possible agreement on a new site plan, which was scheduled to be discussed at a public forum held by the defendant on November 19, 2007. Id. Prior to November 19, 2007, the plaintiffs petitioned, pursuant to § 22a-19, to intervene in the public forum, but the defendant denied their petitions. On December 4, 2007, the plaintiffs filed this administrative appeal from the denial of their requests to intervene in the public forum.

### FIRST TWO APPEALS

Following the public forum, the defendant voted to approve the settlement, and Diamond filed a motion in the mandamus action for judgment in accordance with the settlement agreement. *Diamond 67, LLC* v. *Planning & Zoning Commission*, supra, 117 Conn. App. 77. On February 13, 2008, before the court took any action on Diamond's motion, Montigny filed a renewed motion to intervene in the mandamus action, claiming that the court was required to consider the environmental impact of the new plan in its review of the settlement agreement, and that he therefore was entitled to intervene pursuant to § 22a-19. Id.

On February 14, 2008, Judge Sferrazza held a hearing on Diamond's motion for judgment in accordance with the settlement agreement. Id. At the hearing, Judge Sferrazza denied Montigny's renewed motion to intervene and rendered judgment in accordance with the terms of the settlement agreement. Id., 77–78. Montigny appealed from that judgment, claiming that the trial

court improperly denied his renewed motion to intervene. Id., 79. In *Diamond 67, LLC* v. *Planning & Zoning Commission*, supra, 117 Conn. App. 84, this court reversed the judgment of the trial court, concluding that "the substance of the settlement . . . focused on the issues of the administrative appeal and not solely on the issues of the mandamus action." This court held that Judge Sferrazza "improperly denied Montigny's renewed motion to intervene and failed to conduct a hearing compliant with § 8-8 (n)." Id., 85. Accordingly, this court remanded the case with direction to grant Montigny's motion to intervene and to "conduct a hearing compliant with § 8-8 (n) to review the settlement, in which Montigny is entitled to participate for the purpose of raising environmental issues." Id.

On October 21, 2009, *Hon. Lawrence C. Klaczak*, judge trial referee, held a hearing pursuant to the remand order. Montigny, who appeared through counsel but did not personally attend, was granted intervenor status. *Diamond 67, LLC* v. *Planning & Zoning Commission*, supra, 127 Conn. App. 642 and n.6. Batchelder did not seek to intervene. Montigny's counsel, however, failed to present any evidence concerning environmental issues. Id., 643. On December 3, 2009, Judge Klaczak approved the settlement proposal and rendered judgment in accordance with its terms. Id., 643–44.

Montigny also appealed from that judgment. See id., 637. Montigny claimed, in part, that Judge Klaczak improperly approved the settlement proposal because he, Montigny, did not consent to it. Id., 650. On April 5, 2011, this court released its decision in *Diamond 67, LLC* v. *Planning & Zoning Commission*, supra, 127 Conn. App. 634, affirming the judgment of the trial court.[4] Id., 651. This court concluded, in relevant part,

---

[4] This court's decision in *Diamond 67, LLC* v. *Planning & Zoning Commission*, supra, 127 Conn. App. 634, was released before briefing in the present appeal was complete.

that "Montigny abdicated his right of approval by abandoning his responsibility to raise environmental issues as an intervenor pursuant to § 22a-19" at the remand hearing. Id.

## PRESENT APPEAL

Meanwhile, on February 25, 2010, the defendant moved for summary judgment in the administrative appeal filed by the plaintiffs from the defendant's denial of their petitions to intervene in the public forum held on November 19, 2007.[5] On June 10, 2010, Judge Sferrazza granted the defendant's motion for summary judgment as to Montigny's claim on the basis of collateral estoppel and dismissed Batchelder's appeal as moot. Judge Sferrazza concluded that Judge Klaczak's ruling, rendered on December 3, 2009, approving the settlement proposal following the remand from *Diamond 67, LLC* v. *Planning & Zoning Commission*, supra, 117 Conn. App. 85, disposed of the plaintiffs' claims.

In this appeal, the plaintiffs claim that Judge Sferrazza improperly granted summary judgment in favor of the defendant as against Montigny and dismissed Batchelder's appeal as moot, because this court's decision in *Diamond 67, LLC* v. *Planning & Zoning Commission*, supra, 117 Conn. App. 72, Judge Klaczak's decision to approve the settlement proposal following the remand hearing, and this court's decision in *Diamond 67, LLC* v. *Planning & Zoning Commission*, supra, 127 Conn. App. 634, did not address whether the plaintiffs were entitled to intervene in the public forum on November 19, 2007. Rather, those decisions only addressed the right to participate in a § 8-8 (n) settlement approval hearing before the trial court. Therefore, according to the plaintiffs, the present appeal is not moot and issue

---

[5] Judge Sferrazza had stayed this administrative appeal pending the conclusion of the remand hearing held following the decision in *Diamond 67, LLC* v. *Planning & Zoning Commission*, supra, 117 Conn. App. 72.

preclusion does not bar the plaintiffs' claims. The plaintiffs argue that if they had been made parties to the public forum, then the settlement agreement never would have been reached. Accordingly, they seek to have Judge Klaczak's judgment, rendered on December 3, 2009, approving the settlement proposal following the remand hearing, and the judgment of this court in *Diamond 67, LLC* v. *Planning & Zoning Commission*, supra, 127 Conn. App. 651, affirming Judge Klaczak's judgment, set aside. We do not agree.

"Mootness is a threshold issue that implicates subject matter jurisdiction, which imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties. . . . Mootness presents a circumstance wherein the issue before the court has been resolved or had lost its significance because of a change in the condition of affairs between the parties. . . . [T]he existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." (Internal quotation marks omitted.) *Iacurci* v. *Wells*, 108 Conn. App. 274, 276–77, 947 A.2d 1034 (2008). "Mootness . . . rais[es] a question of law over which we exercise plenary review." (Internal quotation marks omitted.) *Connecticut Coalition Against Millstone* v. *Connecticut Siting Council*, 286 Conn. 57, 84, 942 A.2d 345 (2008).

Even assuming, arguendo, that the plaintiffs may appeal from the denial of their petitions to intervene in the public forum, we conclude that their appeal is moot because we cannot afford them any practical relief. The apparent purpose of the plaintiffs' attempts to intervene in both the public forum and the February 14, 2008 hearing before Judge Sferrazza on Diamond's motion for judgment in accordance with the settlement

agreement was to block the settlement of Diamond's administrative appeal by not consenting to it. The plaintiffs' ability to thwart the settlement, however, was litigated and decided following Judge Klaczak's remand hearing and in this court's decision in *Diamond 67, LLC* v. *Planning & Zoning Commission*, supra, 127 Conn. App. 651. See *Connecticut Coalition Against Millstone* v. *Connecticut Siting Council*, supra, 286 Conn. 84 (plaintiff "could be afforded no practical relief by a reversal on the trial court's determinations . . . because he already has litigated the underlying claim").

Under §§ 8-8 (n) and 22a-19, environmental intervenors have standing to raise environmental concerns regarding settlements of administrative appeals and can block the approval of settlements on that basis. See *Dietzel* v. *Planning Commission*, supra, 60 Conn. App. 160, 165. In *Diamond 67, LLC* v. *Planning & Zoning Commission*, supra, 127 Conn. App. 651, however, this court held that Montigny forfeited the right to contest the settlement by failing to present evidence of environmental issues at the remand hearing before Judge Klaczak. In light of the way in which this dispute has proceeded, the § 8-8 (n) remand hearing was the proper forum in which Montigny and Batchelder[6] should have challenged the proposed settlement between Diamond and the defendant on the basis of the claimed negative environmental impact of the development. See *Brookridge District Assn.* v. *Planning & Zoning Commission*, 259 Conn. 607, 616–18, 793 A.2d 215 (2002) (§ 8-8 [n] hearing "is the statutorily prescribed method for satisfying the public concerns raised by the settlement of land use appeals"). We may not now reverse Judge Klaczak's judgment approving the settlement proposal following the remand from *Diamond 67, LLC* v. *Planning & Zoning Commission*, supra, 117 Conn. App. 85,

---

[6] We note that Batchelder never sought to intervene in Diamond's administrative appeal nor in the § 8-8 (n) remand hearing.

and the decision of this court in *Diamond 67, LLC* v. *Planning & Zoning Commission*, supra, 127 Conn. App. 651, after the parties' claims have been fully litigated and resolved.

Boiled down to its essence, the plaintiffs were provided the opportunity to raise environmental concerns at the October 21, 2009 hearing held by Judge Klaczak, but failed to do so. They were offered, but failed to avail themselves of, the very thing they sought to attain by seeking to intervene in the November 19, 2007 public forum. Accordingly, we cannot afford the plaintiffs any practical relief, and, therefore, their appeal is moot.

The appeal is dismissed.

In this opinion the other judges concurred.